DOLLOFF vs. CURRAN and another, imp.

*December 15, 1883 — January 8, 1884.*

*Married woman: Discontinuance of suit against protest of counsel.*

In the absence of any intervening rights, or of any fraud, duress, or undue influence, a married woman may, especially when acting by the advice of her husband, settle and discontinue a suit in her own favor without the presence of her attorney or counsel, and against the wish and protest of such counsel; and a settlement and discontinuance so made should be enforced by the courts.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

"This action was commenced in September, 1881, to recover five negotiable coupon bonds of $1,000 each, to restrain the transfer of the same, and to have the defendants adjudged to be trustees thereof for the plaintiff, on the ground, as alleged, that they were the property of the plaintiff and were obtained from her husband in March, 1876, by and through the conspiracy, fraud, and imposition of the defendants, practiced upon the husband while in a state of intoxication induced by them. Each of the defendants answered, denying every allegation of the complaint.

" On October 31, 1881, the plaintiff's husband being in Dakota, his deposition was taken, in which he, in effect, negatived the allegations of the complaint, and stated that the bonds never belonged to his wife, but were his property, and

that at the time named he sold them to the appellants for about seventy cents on the dollar, and that he had been paid therefor in full.

" On December 16, 1882, the plaintiff's husband, having returned to his wife's home in Portage county, induced his wife to settle the suit with the appellants, and thereupon a written stipulation was signed by her personally and by their attorneys, to the effect that the parties to the action had that day amicably settled the subject matter in dispute therein, and that the plaintiff had received full satisfaction of any and all claims against the defendants on account of the matters set forth in the complaint, and that the action be, and the same was thereby, discontinued. Upon the filing of that stipulation, and an affidavit of Mr. Raymond to the effect that he was present and saw the plaintiff sign the stipulation, and that her signature thereto was genuine and in her own handwriting, an order to show cause why the action should not be discontinued without costs, based thereon, and on the pleadings, papers, record, and proceedings on file in the action, was obtained and served on the plaintiff's attorney of record, and upon the hearing of that motion it appeared from an affidavit of one of the counsel for the plaintiff, in effect, that on December 12, 1882, the plaintiff's husband admitted to him that the statements in the complaint were true, and that the statements in his deposition were false, and that he promised to give his deposition to that effect, but that instead of doing so he informed such counsel that the suit had been settled, and that his wife had signed papers dismissing it, and that he was about to leave for Colorado, and did, without giving his deposition, notwithstanding he was subpœnaed for that purpose; that the plaintiff had admitted to such counsel that after great solicitation and urgent requests from her husband she had signed a paper in the presence of Mr. Raymond; that the amount she had received from the defendants in settlement of the

suit was a much smaller amount than she ought to have got, but that she firmly refused to specify the amount, for the reason that she had promised Mr. Raymond not to tell; that one of the appellants refused to give such counsel the details of the settlement, because one of his attorneys advised him not to do so.

"On this state of facts an order was entered denying the motion, with leave to renew the same on payment of costs."

From that order the defendants *Henry Curran* and *John D. Curran* appealed.

The cause was submitted for the appellants on briefs signed by *Raymond & Haseltine.* They cited: *Courtney v. McGavock,* 23 Wis., 619; *Watkins v. Brant,* 46 id., 425; *Howard v. Town of Osceola,* 22 id., 453.

For the respondent the cause was submitted on a brief signed by *Edward H. Abbot* and *Howard Morris,* of counsel.

CASSODAY, J. It appears that the plaintiff settled and signed a stipulation discontinuing the action, without consulting her counsel, and against their wish and protest. Whether she consulted her attorney of record does not appear. Just what amount she received in consideration of the settlement is not shown, except that she stated to her counsel that it was much smaller than it should have been. Whether any fraud, duress, or undue influence was brought to bear upon the plaintiff to induce her to make the settlement and sign the stipulation does not appear. The only intimation we have in that direction is that the plaintiff stated that she had made the settlement and signed the stipulation after repeated solicitations and urgent requests on the part of her husband. There is nothing from which it can be inferred that her attorney of record is dissatisfied with the settlement or is desirous of continuing the action. There is nothing to indicate that the plaintiff is dissatisfied with the settlement made, except that she has stated that she ought to have received more. There

is nothing to indicate that she desires to set aside the settlement or continue the action. There is nothing to indicate that her counsel have any pending lien for services or pecuniary interest in the continuance of the suit. They are undoubtedly, as such counsel, displeased with the action of the plaintiff in settling and discontinuing the suit for an amount much smaller than she ought to have received, and have seemingly done all that they could to prevent such settlement, and then, after it was made, to restore to her what they considered as her legal rights; but their advice has been disregarded, and their efforts in her behalf made unavailing by the non-concurrence of the plaintiff. The plaintiff makes no affidavit and seeks no relief from her settlement and stipulation for discontinuance. The case is clearly distinguishable from *Bussian v. M., L. S. & W. R'y Co.*, 56 Wis., 325.

In this state a married woman, in possession of her mental faculties, has the right to sue and be sued respecting her separate property. Since she may bring such action, she certainly has the right to settle and discontinue the same. This right, of course, may be temporarily suspended by the intervening rights of attorneys and others, but here there is a failure to show any such intervention. Certainly, counsel would not be authorized to commence a suit in the name of a client, and against the protest of such client, merely because it would result in a benefit to the client. Neither can they prevent the discontinuance of such action merely because in their judgment such discontinuance would be detrimental to the rights of such client. It is the action of the party, not of the counsel. The party is the principal, and counsel are not to dictate but simply to aid in settling and discontinuing actions. We must therefore hold that in the absence of any intervening rights, or of any fraud, duress, or undue influence, a married woman may, especially when acting by the advice of her husband, settle and discontinue

a suit in her own favor without the presence of her attorney or counsel, and against the wish and protest of such counsel; and a settlement and discontinuance so made should be enforced by the courts. This view is in harmony with the cases in this court cited in the briefs of counsel.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.