SULLIVAN, Respondent, vs. BRUHLING, imp., Appellant.

*December 13, 1887 — January 10, 1888.*

*Settlement of action in absence of attorney.*

In the absence of any intervening rights, or of any fraud, duress, circumvention, or undue influence, a man of legal age, possessed of his mental faculties, may, without the presence of his attorney of record, and even against the wish and protest of such attorney — especially when acting by the advice of friends and counsel, and for a valuable consideration paid to him at the time — settle and authorize the discontinuance of a suit against him, wherein he claims to have a good defense upon the merits, and whereby he may have lost valuable rights. And, unless an abuse of discretion is shown, an order of the trial court, refusing to set aside such settlement, and dismissing the suit, will not be disturbed.

APPEAL from the Circuit Court for *Chippewa* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

August 29, 1878, the defendant *John Bruhling* recovered a judgment against the defendant Patrick Tierney for $115.36, damages and costs; and the same was on that day duly docketed. During the years 1878–1882, three several executions were issued thereon, and each returned wholly

unsatisfied. November 18, 1884, the lot in question in the city of Chippewa Falls was conveyed to Tierney by Cameron and McPhee; the deed being recorded November 25, 1884. July 14, 1885, *Bruhling* caused another execution to be issued on that judgment, and, July 29, 1885, levied the same upon "all the right, title, and interest" that Tierney had in the lot. August 14, 1885, Tierney and wife conveyed the lot to the plaintiff in this action, *Daniel Sullivan;* the deed being recorded on the same day. September 28, 1885, *Sullivan* commenced this action in the circuit court for Chippewa county by service upon all the defendants, *Bruhling*, Tierney, and the sheriff, John Weiner, for the purpose of having said deed from Cameron and McPhee to Tierney adjudged to be held in trust for the sole use and benefit of *Sullivan*, who, it was alleged, purchased and paid for the land thereby conveyed, and to reform such deed in accordance with the facts and the intention of the parties thereto, and to restrain the sheriff from making such sale. September 30, 1885, the sheriff sold the lot on the execution to said *Bruhling*, and on the same day issued to him thereon a certificate of such sale in the usual form; and, October 3, 1885, he returned the execution as fully satisfied by such sale. October 3, 1885, *Bruhling*, by his attorney, Rublee A. Cole, demurred to the complaint for insufficiency; and, on the same day, the sheriff, by his attorneys, Stafford & Connor, demurred on the same ground, and also for a defect of parties defendant.

November 28, 1885, the issues on the demurrer were noticed for argument December 8, 1885, at a special term of said court, to be held at Osceola Mills, in Polk county. Before the time for such argument, and on December 7, 1885, at Chippewa Falls, the said *Bruhling*, by an instrument in writing under his hand and seal, duly acknowledged and witnessed by two subscribing witnesses, sold, assigned, and transferred to Rusk & Boland, the attorneys for said plaint-

iff, *Sullivan*, said sheriff's certificate of sale and "all the right, title, and interest" he had therein, "for and in consideration of the sum of $195," as therein recited. As a matter of fact, the only consideration which *Bruhling* was to receive, or did receive, for such assignment and settlement, was $65. At the same time, it was "stipulated and agreed by and between the parties" to the action, in effect, "that the same be, and the same" was "thereby, dismissed and discontinued; each party to pay his own costs. Dated December 7, 1885," — which stipulation was then and there signed by Rusk & Boland, as attorneys for the plaintiff, *Sullivan;* Stafford & Connor, as attorneys for the defendant Weiner; and the defendant *Bruhling* in person. Said stipulation was filed with the clerk of the circuit court for Chippewa county, December 8, 1885.

The issues on said demurrers were heard December 8, 1885, without the presence of said stipulation; whereupon it was ordered that each of said demurrers be, and the same was thereby, overruled, with leave to said defendants, respectively, to answer within twenty days after the service of a copy of such order, on payment to plaintiff's attorney of $10 costs; and the same were certified to the clerk of the circuit court for Chippewa county, December 11, 1885. December 22, 1885, *Bruhling* appealed from the order overruling his demurrer to this court, and that order was affirmed, September 21, 1886. 66 Wis. 472.

The *remittitur* was filed with the clerk of the circuit court for Chippewa county November 23, 1886. Upon *Bruhling's* verified answer and several affidavits, the plaintiff was ordered to show cause at a special term of said court at Osceola Mills, December 14, 1886, in effect, why *Bruhling's* answer should not stand, and he be allowed to defend, and, if necessary, the time for answering extended; and why said settlement, stipulation, and assignment should not be set aside and declared null and void; and why the case

Sullivan vs. Bruhling, imp.

should not be dismissed with costs; and why the sheriff should not be enjoined and restrained from issuing a sheriff's deed to the plaintiff or Rusk & Boland on said certificate; and why they should not be enjoined from assigning, transferring, or disposing of said certificate, or taking any deed thereon; and why such other or further relief, with costs, should not be granted. In answer to said order to show cause, several affidavits were read on the part of the plaintiff, and, after the hearing of counsel, it was ordered by the court, December 14, 1886, "that the relief prayed for and asked by" *Bruhling* "in the said order to show cause be, and the same" was thereby, "denied;" and it was therein "further ordered that said suit be, and the same" was thereby, "discontinued, without costs to either party." From said order of December 14, 1886, *Bruhling* appeals.

The cause was submitted for the appellant on briefs by *Rublee A. Cole* and *Richard Sleight*, and for the respondent on the brief of *Rusk & Boland*.

CASSODAY, J. Certainly, in the absence of any intervening rights, or of any fraud, duress, circumvention, or undue influc :o, a man of legal age, possessed of his mental faculties, may, especially when acting by the advice of friends and counsel, and for a valuable consideration paid to him at the time, settle and authorize the discontinuance of a suit against him, wherein he claims to have a good defense upon the merits, and whereby he may have lost valuable rights, without the presence of his attorney of record, and even against the wish and protest of such attorney. *Dolloff v. Curran*, 59 Wis. 332. In such a case, the party to the action is supposed to be the principal, and his attorney his agency in securing his lawful purposes. *Ibid.* This relationship suggests their respective rights in regard to the continuance or termination of the controversy. True, the

principal may be weak and vacillating, while the attorney may be strong and persistent, but this will not change their legal relationship. Without going into details or discussing the facts, we must say that, after a careful examination of the numerous affidavits of the respective parties used upon the motion, we are forced to the conviction that the trial court was justified in finding, as a matter of fact, that the settlement by *Bruhling* and the other parties, December 7, 1885, was of the character indicated. That court has a broad discretion in such matters. This court, in that regard, is confined to the abuse of such discretion. We find no warrant for holding that there was any such abuse here. The mere fact that the order on the demurrer, with leave to *Bruhling* to answer, was made in a distant county, without evidence of the settlement, the day after it occurred, in no way interfered with the power of the court to confirm and enforce the settlement when brought to its attention.

*By the Court.*— The order of the circuit court is affirmed.