# BOARD OF COUNTY COMMISSIONERS OF SHERIDAN COUNTY v. HANNA.

ATTORNEY AND CLIENT — APPEAL AND ERROR — DISMISSAL.

1. A client has the right to discharge his attorney at any time with or without cause; but the client will not be permitted to discharge his attorney without cause unless he first pays or secures the attorney's fees and charges.

2. A resolution of a county board of commissioners dispensing with the services of attorneys previously employed to assist the county attorney, and stating that the board is ready and willing to pay the fees of said attorneys upon the presentation of their claim therefor, sufficiently secures the payment of such fees.

3. The employment having been to assist the county attorney in the appellate court to secure a reversal of a judgment against the county, under an agreement that a certain fee should be paid in case of reversal, and otherwise, only the actual expense of the attorneys to be paid; and the attorneys having performed their part of the contract by preparing and filing briefs and being ready and willing to argue the case. *Held*, that since the client cannot refuse to pay the agreed compensation by dismissing the appeal over the objection of the attorneys and thus prevent a decision on the merits, the resolution secures the payment of the agreed compensation.

4. In the absence of intervening rights of attorney or other person, a client has the right to control the disposition of his case, even contrary to the wish or judgment of his attorney.

5. An attorney has no right to prevent a discontinuance of his client's case merely because he deems it unwise and detrimental to the client's interest.

6. Where the client insists upon dismissing his action, having otherwise the right to dismiss, if the adverse party does not object, his attorney, if he has no vested interest in the subject of the controversy, should not be permitted to prevent it.

7. There being a conflict between the county attorney and attorneys employed to assist him in relation to the disposition to be made of a case, wherein the county is a party — the county attorney asking a dismissal of an appeal by direction of the county board. *Held*, that where the interests of the assistant attorneys are found to be protected, the county attorney should be allowed to control the disposition of the case, it not| being shown that he is acting fraudulently or collusively.

[Decided March 12, 1901.]

Error to the District Court, Sheridan County, Hon. Joseph L. Stotts, Judge.

On motion of the county attorney to dismiss proceedings in error taken by the board of commissioners of a county from a judgment against it. The motion was resisted by the attorneys employed by the board to assist the county attorney, after the board had, by resolution, ordered that the services of said attorneys be dispensed with. The material facts are stated in the opinion.

*J. F. Hoop*, County Attorney, and *W. S. Metz*, for the motion.

*Appelget & Mullen*, in opposition to the motion, contended that the orders of the board, directing a dismissal and dispensing with their services, were not legal orders, and should not be considered, for the reason that one member voted against the orders, and one of the members voting for the orders was disqualified, on account of interest, from voting on the question ; which left one vote for and one against the orders. It was further contended that, as their fees were conditioned upon

a reversal of the judgment, if the case was dismissed, they could not truly verify their claim for fees, and hence the statement in the resolution that their fees would be paid upon presentation of their claim was of no account, and did not secure their charges, and hence the board could not discharge them from the case.

Potter, Chief Justice.

Defendant in error having recovered a judgment in this cause, in the district court, against the plaintiff in error, the latter, by an order of the board, regularly entered, directed that an appeal be taken, and employed Appelget & Mullen to assist the county attorney in taking the appeal and prosecuting the same in this court. Said firm of attorneys had, under a similar employment, represented the county in the trial court, and were paid for those services. The order of the board, as entered, providing for their employment to assist in this court, fixed their fee at one hundred dollars, to be paid upon the disposition of the cause in this court, according to a written agreement between the board and said attorneys. By the affidavits of said attorneys filed herein, it is stated that said fee was to be paid only in case the judgment was reversed ; and if unreversed, they were to be refunded the expense of preparing briefs.

When the cause was tried below, Charles Lenwood was county attorney, and as the case came here, said Lenwood as county attorney, and Appelget & Mullen were named as attorneys of record for plaintiff in error, and as such they had filed briefs herein upon the merits of the cause.

On the ninth day of January, of the present year, J. F. Hoop, as county attorney, filed a motion, waiving all error, and dismissing the appeal. Accompanying the motion was filed a certified copy of an order of the board of commissioners, made and entered January 7, directing the county and prosecuting attorney to dismiss this appeal. The same resolution directed said county attorney

to notify Appelget & Mullen that their services were no longer required. The latter are here resisting the motion. They contest the validity of the order aforesaid, and a subsequent one to be referred to later on, discharging them from the case, and the validity of the orders of the board directing a dismissal of the error proceedings.

The matter was brought to the court's attention verbally, but not submitted, early in January, shortly after the filing of the motion to dismiss ; and we then intimated that so far as the matter should be found to be within the power of the court, attorneys of record would be reasonably protected from unwarranted discharge in the absence of a settlement with them.

The attorneys opposing the motion of the county attorney, then stated that the material objection to the action of the board, was that it was had by the votes of two members only of the board, while the other member voted against it ; and that one of the members voting to dispense with the services of said attorneys and to dismiss the appeal, was interested adversely to the county, in the judgment. The matter was set for hearing, and has been submitted upon affidavits and briefs. The defendant in error does not oppose a dismissal.

Upon the facts, therefore, as disclosed by the papers before us, the question is whether the proceedings should be dismissed, notwithstanding the objection of said attorneys.

Two resolutions of the board appear to have been entered on the same date, January 7, 1901. That which we suppose to have been the first one in point of time, referred to an agreement with Appelget & Mullen to assist the county attorney in appealing this case and prosecuting the same in the supreme court, and fixed their compensation at the sum of $100, to be paid, according to the agreement previously made, when the cause should be disposed of in this court. The other resolution provided for dispensing with the services of said attorneys, and directed a dismissal of the appeal by the county attorney. It is fair

to assume that the first resolution was adopted by the board as formerly constituted, and the other by the board as composed of the newly elected members. The first order referred, as stated above, to a previous employment under a written agreement, and that there had been an omission to record the fact in the journal of the board.

The opponents of the motion to dismiss submit certain affidavits, and among other things it is shown that one Skinner, a member of the present board, who voted on January 7, to direct a dismissal of the appeal, stated at the time that he was one of the interested parties in the case, but believed he would have voted the same way if he were not.

On February 6, it appears that another resolution was adopted by the board, said Skinner and one other member voting for its adoption, and the third member recording his vote in the negative. That resolution covers the ground of the second order of January 7, but goes somewhat further. It is as follows :

"Whereas : Appelget & Mullen have performed certain services for Sheridan County, in that certain action, now pending in the supreme court of Wyoming, wherein the board of the county commissioners of Sheridan County, Wyoming, are plaintiff in error, and O. P. Hanna is defendant in error, which said firm has been notified that their employment had been terminated, and whereas said firm have signified their unwillingness to be discharged until they have been paid for their services therein ; the said firm of Appelget & Mullen are hereby· notified that the board of county commissioners of said Sheridan County, Wyoming, are ready and willing to pay them for their services at any time the said firm may present their claim for their fees therein, and they are hereby notified that their services are no longer required in said cause, and J. F. Hoop, county attorney, is hereby directed to file in the district court of Sheridan County, and in the supreme court, a waiver of errors, and to dismiss the appeal of said cause. The clerk of

this board is directed to notify said Appelget & Mullen of this action of the board."

Following the adoption of said last-mentioned resolution, it appears that the county attorney filed in the district court a waiver of all errors in the cause. On behalf of the board, on its motion to dismiss, an affidavit of Charles W. Skinner is submitted, who, after stating his official connection with the board, swears that at the time of the passage of the resolution of February 6, he had no interest, directly or indirectly, in this cause, or in any claim or claims therein involved, and no interest in the litigation, except as a member of the board of county commissioners. He further swears that he knows of his own knowledge, that the claim represented by the judgment was just and meritorious, and the county had received great value in consideration thereof, and that in justice and honesty the same should be paid, and for those reasons he voted for the resolution. This affidavit stands before us uncontradicted.

It should be explained that the record of the cause discloses that the suit was brought against the county upon several causes of action for goods sold, and labor performed in connection with the construction of a certain road and public highway in Sheridan County. The petition alleged an assignment of each claim to the defendant in error, except one claim due directly to him. before commencement of suit, for value ; and the court found that they had each been so assigned. One of those claims in suit had been originally held by said Skinner.

Whether it is competent for the attorneys of the board to question the qualification of a member to vote upon the matter in the manner attempted here, we do not decide. But, assuming that it may be, we think that, as against the attorneys, who upon this motion represent merely their own interests, the order of the board directing a dismissal must be treated as valid and effectual, in view of the absolute denial under oath by Mr. Skinner of any

personal interest in the subject of the controversy, and the fact that in the trial court the claims sued on were found to be just and valid claims against the county ; and in consideration of the additional fact that the county attorney, a public officer, upon whom, by statute, rests the duty of appearing for the board, recognizes the order, and is willing to and does act upon it.

The right of a client to discharge his attorney at any time, with or without cause, is well settled ; but the client will not be permitted to discharge his attorney without cause, unless he first pays or secures the attorney's fees and charges. Mechem on Agency, Sec. 856, 3 Am. & Eng. Ency. L. (second ed.), 409. We think it clear that the last resolution of the board fully secures the payment of the fees of counsel ; and, in our judgment, the objection is not well taken, that counsel are unable to verify the claim as required by statute. They contend that as their compensation was to depend upon a reversal of the judgment, the case must be prosecuted to final conclusion upon the merits, to ascertain whether anything will be due them or not.

The rule is so plain in analogy to other cases of employment that if, by act of the client, counsel are, against their consent, prevented from obtaining a decision upon the merits, as provided by the terms of their employment, the client cannot refuse to pay the agreed compensation, that we deem much discussion thereof unnecessary.  3 Ency. L. (2d ed.) 425, 426.  See Watertown Nat'l Bank v. School Township 2 S. D., 224.  In that case it was said, upon a similar contention, " but a complete answer to such claim is that the appellant township could not, by dismissal of the appeal, against the consent and protest of their attorneys, change such attorney's relation to or rights under their contract."  And a dismissal was granted over the protest of some of the attorneys for the appellant.  One of the appellant's attorneys had stipulated for the dismissal.

In the absence of intervening rights of attorney or

other person, a client has the right to control the disposition of his case, even contrary to the wish or judgment of his attorney.   An attorney has no right to prevent discontinuance merely because he deems it unwise and detrimental to the client's interest.   If the client directs a dismissal, it is the act of the party, and not of counsel. The party is the principal; and the attorney represents the principal, and his duty is to advise and assist, rather than dictate and override the wishes of his principal.   If the party insists upon dismissal, and asks the court to dismiss his action, if the adversary does not object, and he has, otherwise, a right to dismiss, his attorney, if he has no vested interest in the subject of the controversy, should not be permitted to prevent it.   Dolloff v. Curran, 59 Wis., 332 ; Stephens v. Railroad, 10 Lea (Tenn.), 448 ; Roberts v. Doty, 31 Hun, 128 ; Theilman v. Superior Court, 95 Cal., 224.

Now in this case it seems that one of the attorneys of record, who appeared as and because he was, county and prosecuting attorney, has been superseded in office by another.   The order of the board names Mr. J. F. Hoop as the county attorney.   It is not disputed that Mr. Hoop is, in fact, the regularly elected and qualified county attorney.   As such, the statute not only invests him with authority to appear for the board, but casts that duty upon him.   We have no statutory provisions governing the method of substituting attorneys of record.   Such matters, we feel safe in saying, have been conducted in our courts rather informally.   Generally, of course, there arises no dispute, and formality has not seemed essential in such cases.   Doubtless, there should ordinarily, in the event of a change of attorneys, be entered an order of substitution, so that conflicts may be avoided ; although we think it has seldom been done.   But, in the absence of statute, we are not inclined to require a formal order of substitution in case of a public officer, such for instance as county and prosecuting attorney or attorney-general, before permitting him to appear.   Under the statute Mr.

Hoop is authorized, in the capacity of county attorney to appear and to recognition ; and should he ask it, we would have been obliged to make a formal order, substituting him in place of his predecessor in office.   No objection is made on account of his failure to make the request, or of the previous absence of such an order.

An order on our own motion will now be entered formally showing the substitution.

We have then a case of conflict between attorneys for the same party.   In such case, we think that if the interests of the other attorneys are found by the court, to be protected, the principal rather than the assistant attorney should control the disposition of the case.   The county attorney has a statutory right to represent the board.   The other counsel had been employed to *assist* that officer. None of the orders of the board ignored the right of the county attorney.   Each resolution for the employment of Mr. Appelget, or the firm of Appelget & Mullen, stated specifically, that it was for the purpose of assisting the county attorney.   Unless it should be shown to the satisfaction of the court that the county attorney was acting fraudulently or collusively, the control of the case should not be taken from him and given to those engaged to assist him ; at least, when, as in this case, the board is not requesting it.   Of course, as already indicated, the court would so far as it legally had the power, see to it, that the assistant counsel were protected as to fees.

We are of the opinion that the motion to dismiss ought to be sustained ; and the order will be entered accordingly, dismissing the proceedings, and remanding the cause.

*Dismissed.*

Corn J., and Knight, J., concur.