**WUNNICKE FINANCE COMPANY, a Wyoming Corporation, Appellant (Defendant below),**

v.

**Gerald D. TUPPER, Appellee (Plaintiff below).**

No. 3062.

Supreme Court of Wyoming.

July 17, 1962.

Brooke Wunnicke, Cheyenne, for appellant.

Richard F. Pickett, of Loomis, Lazear & Wilson, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

This is an action in which the plaintiff Gerald D. Tupper sought to recover an amount due him in connection with the collection of a note due to the defendant Wunnicke Finance Company. Plaintiff alleged in his complaint that the defendant employed Sandra D. O'Connor, a practicing

attorney at Glendale, Arizona, to enforce collection of a promissory note which had previously been executed by David C. Sharkey and C. A. Sharkey, and agreed to pay a contingent fee of one-third of the amount collected; that on June 19, 1959, Sandra D. O'Connor withdrew from the practice of law and the plaintiff, an attorney at law, acquired her account to the Sharkey note; that with the knowledge and consent of defendant, plaintiff continued to prosecute the action against the Sharkeys which was then pending in an Arizona state court; that on November 30, 1959, while the action was pending, defendant accepted payment of the note in full from the Sharkeys; and that plaintiff has not been paid the contingent fee of one-third of the amount collected. He accordingly asked the amount due him.

The defendant Wunnicke Finance Company, appellant herein, in its answer substantially alleged as follows: It admitted the employment of Sandra D. O'Connor as mentioned in the complaint on the terms above mentioned. Suit was filed in May of 1958 by Sandra D. O'Connor against the parties executing the note. On September 18, 1958, the attorney advised against taking judgment at that time. On May 28, 1959, Sandra O'Connor notified defendant by letter that she was withdrawing from the practice of law effective June 19, 1959 and that the plaintiff would replace her in the firm, that Mr. Tupper was ready to assume further prosecution of the Sharkey action in defendant's behalf, and that defendant was to advise the writer of defendant's wishes. On September 29, 1959, defendant received its first communication from plaintiff advising that there would be some delay before the matter could be brought to trial. On October 2, 1959, defendant wrote plaintiff requesting him to secure judgment against David Sharkey. Defendant learned of David Sharkey's whereabouts and on November 30, Sharkey paid the sum of $450 which was accepted by defendant in full settlement of the amount due, and defendant alleged that plaintiff was negligent in connection with the collection here in question and so was not entitled to any fee.

The action herein was commenced on October 4, 1960, and on December 30, 1960, the plaintiff filed a motion for summary judgment and attached thereto an affidavit executed by the plaintiff Gerald D. Tupper and the correspondence had in connection with this matter. The affidavit alleged in substance the fact that Sandra D. O'Connor withdrew from her law firm of Tobin and O'Connor and that plaintiff took her place; that some correspondence was had between the parties, some of which will be set out hereafter in full; that the makers of the note paid some of the money due on the note and that one-third of that was paid to Mrs. O'Connor. The affidavit also stated that affiant filed a request to put the action above mentioned "on the short cause calendar" so as to expedite the trial thereof, but that this request was controverted by an affidavit of defendant's counsel and as a consequence trial of the matter would be delayed for some time. The affidavit continued, "Since there would be a delay of approximately fourteen to twenty months prior to trial, I determined that judgment might be obtained by obtaining answers to certain interrogatories and taking the deposition of one of the defendants and accordingly prepared the interrogatories and submitted them to the Defendant for answer. Counsel for one of the Defendants informed the deponent that Mr. Cletus A. Sharkey had been seriously burned and would be unable to answer these interrogatories for some time. *Subsequently, I again contacted Defendant's counsel and informed them that I would bring an order to show cause requiring the Defendant to answer the interrogatories and move to strike the answer and obtain judgment in the event the interrogatories were not answered. Thereafter, Defendant's counsel informed me that because of the pressure being applied by deponent, the Defendants, Mr. and Mrs. Cletus A. Sharkey, had forced payment of the balance of the note by the*

*Co-defendants, their son and daughter-in-law."* (Italics supplied.) The affidavit further stated that the note was paid in full and plaintiff asked for one-third of the amount collected. No answer or affidavit was filed by defendant subsequent to the filing of the motion for summary judgment.

The motion for summary judgment was sustained, and a judgment was entered in favor of plaintiff in the sum of $150. From that judgment defendant has appealed.

1. Inasmuch as a special attack is made on the portion of the affidavit of plaintiff above italicized, it may be well to refer to that matter at this time. Counsel for appellant argues that under Rule 56(e) of the Rules of Civil Procedure supporting affidavits shall be made on personal knowledge and shall be such to which the affiant could testify. Counsel says that under this rule the above italicized statement would not be admissible at a trial because it was self-serving and hearsay. The contention is too broad. The first part of the statement states what the affiant did. He stated facts within his knowledge to which he was able to testify. Counsel's objection to that part of the statement is clearly not well taken. The last part of the statement is objectionable because it is hearsay. For the purposes of this case the last part of the statement may be disregarded without affecting the results, but it may be mentioned that it is not at all improbable that what plaintiff in the case did as above mentioned was largely or partially responsible for the payment of the $450 above mentioned in settlement of the controversy.

2. Counsel for the appellant contends that no contractual relation between plaintiff and defendant ever existed; that if plaintiff performed any services on behalf of the defendant they were recoverable only under quantum meruit and that no quantum meruit has been pleaded in this case. This seems to be the main contention herein. In order to ascertain whether or not defendant was liable on a contract for one-third of the amount of money collected, we should, we think, set out some of the correspondence herein. It is admitted that defendant agreed to pay Mrs. O'Connor one-third of the amount collected on the note and plaintiff had knowledge of that fact by reason of the correspondence between the parties. The letter of May 28, 1959, sent by Sandra D. O'Connor to the defendant is as follows:

"This is to advise you that, effective June 19, 1959, I am withdrawing from active practice for an undetermined length of time. A Mr. Gerald Tupper, graduate of the University of Michigan law school and a resident of this city, will replace me in this firm. Mr. Tobin and Mr. Tupper stand ready to assume the further prosecution of the above referenced action on your behalf. Kindly advise me of your wishes in this regard.

"It has been a pleasure to serve you and I regret that circumstances did not permit me to see this action through to its conclusion."

The letter of September 3, 1959, from defendant to plaintiff is as follows:

"On the date of May 28, 1959 Mrs. Sandra D. O'Connor advised that it was necessary for her to withdraw temporarily from the practice of law, and that you were handling the cases as was necessary.

"In May we had an action being maintained against David C. Sharkey, et al and we are curious to know if judgement [sic] has ever been rendered against David C. Sharkey, his wife, Mary Ann, or Mr. Sharkey's father."

The letter of September 29, 1959, from plaintiff to defendant is as follows:

"We filed a request to place the action involving the Sharkeys on the short cause calendar in order to get the matter an early trial, but the Sharkey's attorney controverted our motion, so there will be some delay before this matter is brought to trial.

"We have just recently prepared interrogatories in order to determine

whether Mr. Sharkey signed this note in Arizona and should receive an answer within a short time.

"If there is any further information you desire, please contact us."

The letter of October 2, 1959, from defendant to the plaintiff is as follows:

"We thank you for your letter of September 29, 1959, and note that there is an incipient trial.

In the event we are unsuccessful in obtaining a judgement [sic] against Mr. Sharkey senior, we still want a judgement [sic] finalized against the son. Using this judgement [sic], and going through the Pentagon, I believe you can obtain satisfaction thereof.

"Mrs. O'Connor was successful in obtaining some remittances from Sharkey, but the payments trickled off and recently we have had nothing."

■ When the plaintiff took over the matters handled by Sandra D. O'Connor he naturally expected to take them over under the same terms and conditions as existed between the defendant and Sandra D. O'Connor. We also think that the defendant's expectation was the same, and that it considered the contract in force and effect and transferred to plaintiff. Any other conclusion is, we think, unreasonable. If defendant expected plaintiff to handle the matter on different terms, it should have mentioned that in the correspondence with the plaintiff. Instead of doing so, it considered the plaintiff to be the substitute of Sandra D. O'Connor and, as it were, her alter ego. We think it clear that the fee due to the plaintiff was due under a contract, if not express, at least implied.

■ 3. Counsel for appellant argues that the plaintiff did not use due diligence and hence is not entitled to recover herein. The action brought by defendant against the Sharkeys was commenced in May of 1958. It had been quiescent for more than a year without appellant's objection when plaintiff took over the business of Sandra D. O'Connor. It is a little late to now claim

that no due diligence in the collection of the note was made by plaintiff particularly when defendant knew, or must have known, that after the plaintiff took over the matter here involved it would naturally take him some time in order to familiarize himself with the matters which were entrusted to him. In September he seems to have been reasonably diligent. We cannot say the contrary as a matter of law. The question of want of diligence is a matter of fact. Under Rule 56(e) defendant could not rely upon its pleadings in this case. It should have set up the defense here mentioned when the motion for summary judgment was filed but failed to do so. The foregoing contention is without merit herein.

■ 4. Counsel contends that the defendant, appellant herein, was entitled to collect the note itself and settle its lawsuit as it did. That doubtless is true. 7 C.J.S. Attorney and Client § 231, p. 1180. But that does not mean that it was not liable to plaintiff for the contingent fee according to the contract. It is stated in 5 Am. Jur., Attorneys at Law, § 173, p. 365, as follows:

"The client cannot, by settling, compromising, or dismissing his suit or action during the pendency thereof, without the consent or over the objection of his attorney, deprive the attorney of his compensation for the agreed amount of which the client is still liable."

See also Board of Com'rs of Sheridan County v. Hanna, 9 Wyo. 368, 63 P. 1054. We infer from the facts herein that the plaintiff knew nothing whatever about the fact that defendant was about to settle and compromise the action it had theretofore instituted, so the foregoing objection must be overruled.

■ 5. Counsel for the plaintiff herein contend that, pursuant to Rule 72(k) of the Rules of Civil Procedure, they are entitled to a penalty in defending this appeal for the reason that the appeal is frivolous. We do not consider the appeal to be frivo-

lous. It is true that the amount involved herein is small but counsel for defendant probably thought it worthwhile to engage in a labor of love, in order to elucidate, if possible, the law applicable herein. The elaborate brief which was filed herein by counsel for the appellee itself indicates that the appeal was not frivolous, so the contention that a penalty should be assessed herein is overruled.

The judgment of the trial court is affirmed.

Affirmed.