Larry BUTLER and V. L. Patterson,
Appellants, (Plaintiffs below),

v.

Carl McGEE and Lillie May Williams,
Appellees, (Defendants below).

No. 3040.

Supreme Court of Wyoming.
July 18, 1961.

Henry A. Burgess, Sheridan, for appel-
¹ants.

R. G. Diefenderfer, and E. E. Lonabaugh,
of Lonabaugh & Lonabaugh, Sheridan, for
appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Appellees have moved to dismiss the appeal of plaintiffs below for: (1) Failure to file the record on appeal and docket the appeal in this court within sixty days from the date of filing the notice of appeal, when the district court had not extended the time for such filing and docketing by an order made before the expiration of the original sixty day period prescribed by Rule 73(g), Wyoming Rules of Civil Procedure; (2) noncompliance with that portion of Rule 73(a), Wyoming Rules of Civil Procedure, which provides that with the filing of a notice of appeal "The appellant shall concurrently order and arrange for the payment of a transcript of the portions of the evidence deemed necessary for the appeal, and written evidence of the compliance with this requirement shall be filed in the case or endorsed upon the notice of appeal"; and (3) failure to file, with the designation of the portions of the record, proceedings, and evidence to be contained in the record on appeal, a copy of the reporter's transcript of the evidence or proceedings included in the designation, as is provided by Rule 73 (b), Wyoming Rules of Civil Procedure.

Rule 73(g) requires that the record on appeal be filed with this court and the appeal docketed within sixty days from the date of filing the notice of appeal. The same rule also provides the district court, for good cause shown, may extend the time for such filing and docketing, providing its order for extension is made before the expiration of the sixty days. However, the district court may not extend the time to a day more than ninety days from the date of filing the notice of the appeal.

An examination of the record in this case shows the judgment was dated January

3, 1961, and filed January 5, 1961; the notice of appeal was filed January 26, 1961; an order giving plaintiffs until April 11, 1961, "to file a transcript of testimony and other proceedings herein", dated March 10, 1961, was filed March 13, 1961. It, therefore appears the court's order dated March 10, 1961, was timely filed on March 13, 1961. Similarly, the record on appeal was timely filed and the appeal properly docketed in this court, if the order of March 10, 1961, is deemed to be an order extending the time for the filing of the record on appeal and the docketing of that appeal in this court.

It is true that the words used in the order of March 10, 1961, do not expressly say the appellants may have to and including April 11, 1961, to file the record on appeal and docket the appeal in this court, and we are critical of the wording of the order. Still, to hold the order insufficient to extend appellants' time for filing the record on appeal and docketing the appeal, would not accord with the direction and spirit of Rule 1 of the Wyoming Rules of Civil Procedure. This rule says the rules "shall be construed to secure the just, speedy and inexpensive determination of every action." Furthermore, the order recites "that additional time is needed to file a transcript of the Testimony and *proceedings* in this appeal." (Emphasis supplied.) This leaves little doubt but that it was the court's intention to extend the time for the filing of the record on appeal and to docket the appeal in this court, although the words used were "to file a transcript of testimony and other proceedings herein." The order so construed, as we think it should be, extends the time for filing the record on appeal. It was made within the sixty day period. The extension did not exceed the ninety day limitation and the record on appeal was timely filed.

■ With respect to movants' second ground, as mentioned herein, the *purpose* of the applicable portion of Rule 73(a) must be taken into consideration in order to ascertain what a failure to comply with it should entail.

Prior to the amendment of Rule 73(a), which requires the ordering and paying for a necessary transcript of testimony, it frequently happened that without fault of counsel or appellant the transcript of the evidence was not available to be incorporated in the record on appeal if the record was filed and the appeal docketed in this court within the time limited by Rule 73(g). As ninety days from the filing of the notice of appeal was the maximum the district court was permitted to extend the time for filing the record on appeal and docketing the appeal in this court, there were frequent applications to this court to make a further extension of that time. But this court does not take jurisdiction until after the docketing of an appeal, so we were unable to grant such requests. In consequence, records on appeal were filed and appeals docketed in this court without there being included necessary transcripts of evidence, and then application was made to this court to supplement the record on appeal when the necessary transcripts became available. However, in order to obtain such permission from this court, it was necessary that a showing be made that the transcript was not available and that its absence from the record on appeal as filed was not due to the fault of the appellant or his counsel. With the adoption of the amendment to Rule 73(a), its compliance would, in itself, disclose that appellant had been diligent in the effort to procure the transcript of evidence, and if by affidavit it is shown the transcript was still unavailable when the record on appeal was required to be filed, this court would be justified in granting an application to supplement the record on appeal by the addition of the transcript of evidence. However, in so doing, the order granting the application to so supplement the record on appeal would also specify that the time for filing and serving briefs, as provided by Rule 12(d), Rules of the Supreme Court of Wyoming, would be from the date of filing of the supplement to the

record rather than from the original filing of the record on appeal.

When, however, the record on appeal, including the transcript of evidence, is filed within the time permitted under Rule 73(g), as is true in the instant case, the reason and necessity for compliance with the amendment to Rule 73(a) disappears, and noncompliance is, therefore, not a ground for dismissal of an appeal otherwise properly taken.

The third ground, that there was a failure to file a copy of the reporter's transcript of the evidence or proceedings, with the designation of the portions of the record, proceedings and evidence to be contained in the record on appeal, is sufficiently answered by a recent decision of this court. In Ruby v. Schuett, Wyo., 360 P.2d 170, 173, it was pointed out that "the general designation need not be based upon a transcript", because "an appellant should be fully aware of the errors which he charges without being prompted by a study of the transcript." This being so, the failure to file the transcript with the designation as provided in Rule 75(b) should not be deemed fatal to the appeal.

The motion is denied.

Denied.