Raymond H. BUTCHER, Appellant
(Plaintiff below),

United States of America, Intervener,

v.

Allen H. McMICHAEL and the Frontier Plumbing & Heating Company, Appellees (Defendants below).

No. 3037.

Supreme Court of Wyoming.

April 25, 1962.

Samuel A. Anderson, Laramie, for appellant.

Guy & Phelan, Walter B. Phelan, Cheyenne, for appellees.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The matter submitted for determination in this case is whether the undisputed facts are such as to make mandatory a finding that Allen H. McMichael, one of the defendants and driver of one of the motor vehicles involved in a collision, was negligent as a matter of law. We are also asked to review some of the instructions which

were given by the trial court. With respect to these instructions, there is no indication that objections were made at the time of trial.

Action was brought in the District Court of Laramie County by Raymond H. Butcher for personal injuries and property damage sustained in a motor vehicle accident between Butcher and the defendant McMichael on December 18, 1959. The collision occurred on U. S. Highway 30 approximately eight miles west of Cheyenne. McMichael was driving a one-half ton Chevrolet pickup belonging to Frontier Plumbing & Heating, one of the defendants, from Laramie to Cheyenne. Butcher was driving a van-type pickup truck for Interstate Butternut Bread, from Cheyenne to Laramie. Witnesses fixed the time of accident as around 7:00 a. m., while it was still dark. The highway was described generally as being very icy and slick, although McMichael himself testified that the road was merely spotted with ice and snow and not too slick.

McMichael's explanation of the accident is that he was driving on his own side of the highway, just on the blacktop but next to the shoulder where the gravel is. He testified that he was traveling about 45 miles per hour and that he did not realize he was on ice until his vehicle started to skid. When the truck started to skid it went first to the right until it hit the gravel. Then the back end came around and the vehicle went down the highway out of control. Although McMichael says that he tried to keep straight down the road on his own side and also tried to get off into the borrow pit, the truck slid sideways along the highway crossing the center line and going down the wrong side. There is a small knoll or hill at the place of the accident, and McMichael testified that when he got to the top of it and before he knew what was happening the truck was skidding. He says that he did not see Butcher's vehicle until it was coming over the hill and about 600 feet away, which was after he had started sliding.

There was other evidence as to the length of skid marks, the point of impact, the position of the vehicles after the accident, the condition of the highway, and the nature and extent of damages. However, there was no substantial conflict with respect to the manner in which the accident happened, except that Butcher testified that as he approached the point of the accident he was blinded by approaching headlights. Believing that two cars were approaching abreast of each other, he flicked his lights and unsuccessfully attempted to get off of the road. McMichael was definite in his testimony to the effect that there was no other vehicle. There was no corroboration of Butcher's theory on the two cars.

The jury which heard the case returned a verdict in favor of the defendants, Allen H. McMichael and Frontier Plumbing & Heating Company. From this verdict and the judgment thereon, the plaintiff, Raymond H. Butcher, has appealed.

Contending that his own testimony is without contradiction to the effect that he was driving completely in his own lane, that he was blinded by approaching lights and that he attempted to get off the road, Butcher claims he must be found to be without negligence. As to the negligence of McMichael, the attorney for Butcher suggests excessive speed and also "submits" that McMichael crossed over the yellow center line while passing another vehicle at night, then hit a foreseeable ice spot and lost control of his truck. Since the collision occurred on McMichael's left side of the road, Butcher argues that these facts constitute negligence as a matter of law.

 It seems to be undisputed that the accident occurred in Butcher's lane of traffic, and we have no reason to believe that the jury considered him negligent. Regarding the negligence of McMichael, no reasons or authorities are advanced for holding that his rate of speed constituted negligence as a matter of law. This speed, as described by McMichael, was within the maximum legal limit, and the question of negligence as far as speed is concerned was

clearly a jury question. Brown v. Wyoming Butane Gas Co., 66 Wyo. 67, 205 P.2d 116, 122; Merback v. Blanchard, 56 Wyo. 152, 105 P.2d 272, 276, 56 Wyo. 286, 109 P.2d 49; 5A Am.Jur., Automobiles and Highway Traffic, § 282, p. 403.

■ Concerning the contention that Mc-Michael crossed over the yellow center line while passing another vehicle at night, this theory is in direct conflict with the testimony of McMichael and it also presented a jury question. No doubt the jury thought the accident happened as McMichael said it did.

■ Under Wyoming law, there is no actionable negligence where, without fault of the driver, a vehicle skids across the center line of a highway and collides with an approaching vehicle, although the burden rests upon the driver of the skidding vehicle to show that he was there without any act of commission or omission which constituted fault on his part. Nelson v. Brames, 10 Cir., 241 F.2d 256, 257; Wallis v. Nauman, 61 Wyo. 231, 157 P.2d 285, 288.

■ In the instant case, it was for the jury to determine whether McMichael skidded to the wrong side of the highway without fault of his own and whether the accident was unavoidable. The issue of negligence is ordinarily one to be determined by the jury, and the courts will not hold that the question of negligence is one of law except in the clearest case. Borzea v. Anselmi, 71 Wyo. 348, 258 P.2d 796, 800; Templar v. Tongate, 71 Wyo. 148, 255 P.2d 223, 230. There being a substantial basis for the jury's verdict in this instance, it cannot be disturbed.

Turning to the matter of instructions we understand appellant's position on appeal to be that Instruction 7 pertaining to unavoidable accident should not have been given because the evidence did not support such an issue; or if given, the term "unavoidable accident" should have been defined. He further insists that Instruction 12 erroneously placed the burden of proof upon the plaintiff to show that he was free from contributory negligence; that Instruction 15 incorrectly stated the law relating to speed; and that Instruction 18 pertaining to an emergency should not have been given.

Counsel for appellant confesses that the record does not indicate whether in the lower court plaintiff requested other instructions or objected to the ones given. Despite the omission, counsel nevertheless argues that the supreme court should consider the questions newly raised, with respect to instructions, because such instructions introduced "fundamental and vital" error. It is the duty of the trial court, he asserts, to give correct instructions.

■ Rule 72(g), Wyoming Rules of Civil Procedure, declares that no judgment shall be reversed by reason of any error which does not affect the substantial rights of the adverse party. This can only mean that all reversible error is such error as is fundamental and vital. To distinguish the kinds of reversible error would be like trying to make a distinction in the fullness of full bottles.

It is specified in Rule 51, Wyoming Rules of Civil Procedure, that when any party desires special instructions he shall tender same to the court in writing. The rule also requires that all instructions given by the court shall be in writing and submitted to the parties, who may make objections thereto before they are given to the jury stating distinctly the grounds of objection. It is then provided: "Only the grounds so specified shall be entitled to consideration on * * * appeal."

■ If this rule does not mean what its plain language says, and if it is not applicable to a case such as the one before us, it would be hard to imagine circumstances under which it could be applied. Indeed, we have previously held, in the face of contentions such as are now being made, that the rule does apply. Drummer v. State, Wyo., 366 P.2d 20, 23–24; O'Brien v. General Motors Acceptance Corporation, Wyo., 362 P.2d 455, 458–459.

In Borzea v. Anselmi, supra, at 258 P.2d 806–807, decided before our present rules of civil procedure were adopted, this court stated it is a general rule that a party cannot complain of an instruction to which no exception is taken. It then followed the rule saying that it should apply, unless perchance the error complained of is vital. At the time of that decision, § 3–2408, W. C.S., 1945, was in effect. It provided for the marking of instructions given or refused, "so that either party may except to the instructions as given or refused." It was not specified in exact words, such as those now used in Rule 51, that the grounds of objection must be stated distinctly, neither did the statute specifically say that only the grounds specified shall be entitled to consideration on appeal. The court in the Borzea case nevertheless adhered to the requirement for timely objections without attempting to say what errors, if any, would be so vital as to work an exception to the rule.

There is nothing in the case at bar to distinguish it from the Borzea case and the more recent cases cited above. It is altogether probable, as pointed out in the Borzea opinion, that if counsel had called the court's attention to the matters now compained of, the instructions would have embodied his ideas. No good reason is shown for an exception to Rule 51. Furthermore, appellant has not attempted to explain or excuse his failure to comply with the rule, and we will assume the instructions were satisfactory to him at the time they were given.

We find no reversible error and judgment is affirmed.

Affirmed.