Walter B. PHELAN, Administrator of the Estate of Russell Francis Phillips, Deceased, and James Edwards, Appellants (Plaintiffs below),

v.

READ CONSTRUCTION COMPANY, a Wyoming Corporation, Appellee (Defendant below).

No. 3113.

Supreme Court of Wyoming.

March 26, 1963.

.. 

Guy & Phelan, Cheyenne, Thomas C. Singer, Denver, Colo., for appellants.

Bard Ferrall and John F. Lynch, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

James Edwards and the administrator of Russell Francis Phillips' estate sued the Read Construction Company, alleging that deceased and Edwards, on the night of May 21, 1956, were riding as passengers in an automobile owned and operated by Nick Soulis en route from the Palomino Supper Club on an access road leading therefrom to a junction of such road with U. S. Highway 85–87; that defendant had erected and was maintaining a curve and land-fill on the access road in a negligent manner and in violation of its construction contract with the Wyoming Highway Department; that as a direct and proximate cause of such negligence, the driver lost control of his car and drove off the curve and land-fill, causing Phillips' death and Edwards' serious injury.

The trial of the case resulted in a hung jury; thereafter, defendant under Rule 50 (b), Wyoming Rules of Civil Procedure, moved for and was granted judgment. Plaintiffs appealed, and defendant moved for dismissal alleging the following violations of the Wyoming Rules of Civil Procedure: (1) failure to comply with Rule 73(a) as to filing written evidence concerning the ordering and paying for the transcript; (2) failure to serve on appellee a copy of the designation identical to the one filed with the district court as required by Rule 75(a); (3) failure to comply with Rule 75(b) requiring filing of a copy of the transcript included in the designation; and (4) after designation of less than the complete record, failure to serve a statement of points as required by Rule 75(d).

Regarding the first ground for dismissal, the failure to provide written evidence of having ordered and paid for the transcript is not a basis for dismissal where the transcript is filed within time. Butler v. McGee, Wyo., 363 P.2d 791. We think such rule should be applicable even though less than the full transcript is provided.

■ The second ground for dismissal is more serious. The record discloses and the appellant tacitly admits that the following interlineation was made in ink upon the designation which was filed with the district court after a copy had been served on appellee: "8a. Instructions to Jury of Judge Rodney Guthrie." Just when this interlineation was made is not apparent, but, in any event, it was in clear violation of the letter of the rule and also offends against its spirit. If the designation could be altered after service, it would not only be worthless but even misleading.

■ The failures as alleged in the third and fourth grounds are clear violations and tend to confuse both court and counsel. Although noncompliance with these rules does not ipso facto vitiate an appeal, the court is justified in dismissal if such seems to be indicated. We have often expressed our views, both by decision and otherwise, that the rules are necessary and reasonable. All members of the bar are undoubtedly aware that the advisory committee is willing to undertake the study of any rule which an attorney thinks is unfair, and the court gives most serious consideration to all recommendations of the committee. Two years ago in Ruby v. Schuett, Wyo., 360 P.2d 170, 173, we exercised some leniency but there said, "The departure from the rule is emphatically disapproved." In the present situation, appellants' violations were serious enough to warrant dismissal of the appeal. Notwithstanding this fact, we have reviewed the record before us and have considered the cause on its merits.

■ Plaintiffs contend on the strength of 27 Am.Jur. Independent Contractors § 52 that when work is done in or near a highway due care must be taken by the contractor to avoid injuries to travelers. This is essentially the rule stated by us in Brasel and Sims Construction Co. v. Neuman Transit Co., Wyo., 378 P.2d 501, where we noted, 378 P.2d at 504, a similar previous holding in Jackson v. W. A. Norris, Inc., 54 Wyo. 403, 93 P.2d 498.

It follows that plaintiffs' right of recovery in the present case depends upon their proof that defendant did not exercise reasonable care. As was said in McVicker v. Kuronen, 71 Wyo. 222, 256 P.2d 111, 113, the law of negligence is predicated upon that which is required of a reasonable person in light of all the circumstances present. Here the complaint alleges that the curve and land-fill were erected and were being maintained in violation of defendant's contract with the highway department. The contract was introduced in evidence, but neither the brief nor the argument here points out where there was any violation, and the testimony indicates that the jury was uninformed on that subject. The contract, while not providing specifically that the contractor should be governed entirely by the direction of the engineer in areas he undertakes to control, reasonably gives that impression when it is stated:

"* * * [The Contractor] shall take all necessary precautions for the protection and safety of the traveling public through his construction operations by providing flagmen at such points, on all work and for such periods of time as the Engineer may direct. * * *

"For the protection of traffic and for designating detour routes, the Contractor will be required to furnish * * * electric flashing signals. These signals shall be placed near each end of the detours or crossovers at locations designated by the Engineer. * * *"

It is undisputed that there was a barricade across the road in question until a few days prior to the accident, when the engineer ordered the contractor to remove it. Under the circumstances the testimony of the highway officials is of especial significance. Niles, the resident engineer in charge of the construction, said that it was his duty to locate signs and determine where they were to be placed; that the plans on this contract did not call for a guardrail or curve sign, and it was he who directed the barricade's erection, and, later, its re-

moval. He said that the defendant had placed in the area signs which read: "Road Under Construction, Be Prepared to Stop." The signs were at the beginning of the project and at the end of it so that anyone, to reach the place where the accident occurred, passed them. Niles testified that prior to the accident he had not directed either a sign or a guardrail to be placed at the point where the access road entered Highway 85–87.

Mr. Robert O'Connell, the highway department traffic engineer, confirmed Niles' authority, indicated that his actions were in conformity with the policies established in O'Connell's department, and said that as far as he knew the contractor had complied with the plans.

There was no testimony adduced at the trial which tended to show that the erection and maintenance of the curve and land-fill at the intersection of the access road and the main highway were negligent or in violation of the construction contract. Neither was there testimony which showed that the defendant was negligent in any particular. Apparently in the trial court the plaintiffs relied upon their presentation to the jury of a recitation of everything that occurred without any showing that any particular act of defendant was improper. In this court a similar approach was taken by plaintiffs and many cases are cited which hold that under certain conditions recovery was allowed. However, a review of these cases indicates that the situations there discussed are distinguishable.

The pronouncement in The Nitro-Glycerine Case [Parrot v. Wells, Fargo & Co.], 15 Wall. 524, 82 U.S. 524, 537, 21 L.Ed. 206, later emphasized by the discussion of Oliver Wendell Holmes, The Common Law, p. 106 (1881), is important here: "A party charging negligence as a ground of action must prove it."

We find in the record no substantial evidence that the defendant's acts were negligent or that they were the proximate cause of the injuries. The judgment is affirmed.

Affirmed.