**James K. WILLIS, Appellant (Plaintiff below),**

v.

**ASBURY TRANSPORTATION CO., a Corporation, Appellee (Defendant below).**

**Nos. 3145, 3159.**

Supreme Court of Wyoming.

Nov. 19, 1963.

Ross & Buge, William R. Buge, Cheyenne, for appellant.

Henderson, Godfrey & Kline, David D. Uchner, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiff, James K. Willis, brought this action against defendant, Asbury Transportation Company, seeking to recover damages for the alleged breach of a contract of employment. The case was tried to the court below, sitting without a jury, and at the conclusion of the trial the court found generally for the defendant and against the plaintiff and from the adverse judgment plaintiff appeals.

By way of factual background to the controversy, the record discloses that for several years plaintiff was employed as a truck driver by Denver-Chicago Trucking Company and was experienced and qualified in transporting and handling petroleum products. Defendant was a trucking concern and in September 1960 had entered into contracts for the transportation and handling of cryogenic products consisting principally of liquid nitrogen, oxygen, and hydrogen at missile bases near Cheyenne, Wyoming, and near Spokane, Washington. At that time defendant was in need of truck driver-technicians to operate its equipment in the performance of its contracts and some preliminary discussion was had by the plaintiff and defendant's terminal manager at Cheyenne concerning employment. Following such discussion the defendant agreed to employ plaintiff in the capacity mentioned and plaintiff reported for work at Cheyenne on September 26, 1960. It was understood that plaintiff would undergo a training period of some two weeks and would then be assigned to the job at Spokane. However, by mutual consent plaintiff was sent to Spokane on September 29, 1960, to complete his training and it was during that period that difficulty between the parties occurred. As a result plaintiff was discharged by defendant's Spokane Division Manager, Mr. Eugene Adams, on October 14, 1960.

In his complaint plaintiff alleged that under an oral agreement between the parties he was employed for a term of one year or until work on the Spokane project was completed, and that his discharge was without cause—in violation of the terms of the agreement. By its answer defendant denied that it had employed plaintiff for any fixed period of time except for a thirty-day trial period which was evidenced by a memorandum signed by plaintiff under date of September 22, 1960, and which provided as follows:

"The undersigned hereby understands that he is hired on a thirty-day trial period and that if there is any falsification of references or misstatements on the application or if he is found to be physically unfit, or fails to prove himself qualified to discharge the duties of his position, it will be sufficient cause for Asbury Transportation Co., Asbury System and/or Asbury Contractors, Inc. to terminate his services without recourse."

As justification for the discharge defendant alleged that plaintiff was unable to qualify in the proper handling of cryogenics.

The principal claim of error advanced by plaintiff is that the findings of the trial court are not supported by and are contrary to the evidence. In turn, this claim is directly related to plaintiff's further contention that incompetent evidence is the only evidence of record that supports the finding of the trial court that the discharge of plaintiff was justified. In this connection it should be stated that plaintiff claims that the real cause of his discharge was the false accusation by defendant's manager of its Mountain States Central Division, Mr. Frank Eyraud, that plaintiff was "spying" for his former employer. Defendant, on the other hand, claims that plaintiff was discharged for "unsafe Handling of Cryogenics."

██ The evidence offered by defendant through the witness Frank Eyraud relating to the cause of discharge, and challenged by plaintiff as to its competency, consisted of the substance of a telephone conversation between Eyraud and the said Eugene Adams and Exhibit No. 2, a mimeographed form of instrument signed by Adams entitled "REQUEST FOR PAY-OFF," dated

October 15, 1960, and among other things reciting that plaintiff was discharged for "unsafe Handling of Cryogenics" and for "unsafe habits." While a large portion of plaintiff's brief is devoted to the claimed error of admitting such evidence over appropriate objection, we remind counsel that in order to obtain a reversal here on such ground, even though his complaint might be well founded, he must go further and demonstrate that such claimed error prejudiced the substantial rights of plaintiff. Rule 72(g), W.R.C.P.; and Butcher v. McMichael, Wyo., 370 P.2d 937, 939. On the record we conclude that this has not been accomplished.

 The claimed error could have significance only if it had some direct effect on plaintiff's tenure as fixed by the agreement of employment. We turn to that question. As stated, plaintiff claimed an oral agreement of approximately one year's duration. Defendant, however, denied this and asserted that plaintiff was hired on the basis of a thirty-day trial period only, in keeping with the terms of the memorandum. The testimony relating to the tenure claimed by plaintiff was in conflict. Plaintiff testified that Junis Elmore, employing agent of defendant, guaranteed him approximately one year's employment at Spokane. On the other hand, Elmore testified, "We never guarantee anyone anything on the job." As a result, the finding of the trial court that plaintiff had no such agreement will not be disturbed here unless it appears that such finding was clearly erroneous or contrary to the great weight of the evidence. Arnold v. Jennings, 75 Wyo. 463, 296 P.2d 989, 991. We find nothing in the record here that would warrant a holding that the court erred in this respect. Obviously then, the only other rights of plaintiff are dependent upon the memorandum agreement.

The contents thereof are set forth above. It commences, "The undersigned hereby understands that he is hired on a thirty-day trial period" and this is then followed by four conditions said to constitute sufficient cause for termination. From the evidence it is apparent that this initial arrangement was correlated to an agreement that defendant had with a labor union but unfortunately that agreement is not before us. As a consequence, we are not informed as to benefits thereunder, if any, that might inure to plaintiff in covered employment and all we know of it is that it did not cover truck driver-technicians during a thirty-day trial period. The witness Eyraud explained that the memorandum "just puts an employee on an observatory period for thirty days."

 On this state of the record we conclude at the outset that the hiring for the trial or probationary period, definitely fixed as to term by the language of the agreement, was not terminable at will and absent some express exception plaintiff was entitled to compensation for the thirty-day period. Royce v. Delta International Industries, Sup., 63 N.Y.S.2d 369, affirmed 271 App.Div. 785, 65 N.Y.S.2d 566. The question then is, Did the stating of a cause, or causes, for discharge engraft such an exception? We think not. From the evidence it is clear that those provisions were directly concerned with the avoidance of whatever consequences might result from the union agreement subsequent to the thirty-day term. Furthermore, the conditions were not inconsistent with the preceding provision relating to term. Such was apparently the understanding of Elmore. He testified that according to the memorandum, an employee has "a thirty day period with the company" and "you can make it more at the discretion of the Union." Under the circumstances, any evidence concerning the cause of plaintiff's discharge on October 14, 1960, was immaterial to plaintiff's right to be compensated in full for the thirty-day term fixed by the memorandum agreement. Consequently, any error with respect to admission of such evidence was harmless and will be disregarded.

We do hold, however, for the reasons stated, that the trial court erred in denying

plaintiff's right to compensation for the term of the trial or probationary period. Other damages were claimed by plaintiff but with respect to those we cannot say that the court erred in denying recovery.

█ █ Plaintiff also contends that inasmuch as defendant was a non-qualified foreign corporation doing business in Wyoming that it had no standing to defend the action. The matter was brought to the attention of the trial court by plaintiff's motion to strike defendant's answer. We are unable to find a ruling of the trial court on the motion and we notice further that such contention was not contained in plaintiff's statement of points filed under Rule 75(d) of our Rules of Civil Procedure. Under the circumstances we are not required to notice the claim. Olson v. Leith, 71 Wyo. 316, 257 P.2d 342, 346. Nevertheless, it is perhaps appropriate to state that since the filing of the answer herein our nonsuit statute, § 17–32, W.S.1957, has been superseded by Ch. 85, § 113, S.L. of Wyoming, 1961, and the privilege of defending an action is now specifically extended to any foreign corporation regardless of qualification. That, of course, takes care of the problem, if there was a problem, that is claimed to have existed under the old statute. Without elaborating the point, the authorities are overwhelming that under statutes of similar import to § 17–32, a non-qualified foreign corporation, even though doing business here, was not deprived of the privilege of defense. John C. Cutler Association v. De Jay Stores, 3 Utah 2d 107, 279 P.2d 700, 703; and 20 C.J.S. Corporations § 1859, p. 83.

█ There remains for disposition the motion of defendant to dismiss this appeal for violation of Rule 73(a), W.R.C.P., in that the requirements with respect to arrangement for the transcript of the evidence were not disclosed at the time of the filing of the notice of appeal. Pursuant to Rule 75(j), W.R.C.P., the defendant brought the matter here for purposes of the motion. At that time the ground for the motion existed but subsequently and within time plaintiff filed the record on appeal, including the transcript of evidence, and as a result the basis for defendant's motion became nonexistent. Butler v. McGee, Wyo., 363 P.2d 791, 792; and Phelan v. Read Construction Company, Wyo., 379 P.2d 829, 830. The motion is denied.

█ For the reasons stated we have no alternative but to reverse the judgment. However, this presents somewhat of a problem. To send the case back for new trial would result in injustice to plaintiff because, under our view, damages should have been awarded to plaintiff but limited in amount to proper compensation for the thirty-day period. Under Rule 72(i), W.R.C.P., we are authorized, under such circumstances, to render a proper judgment but that presupposes that the amount can readily be ascertained from the record before us and this we have been unable to accomplish. We therefore exercise another prerogative and return the case with instructions to the trial court to determine such amount and render judgment accordingly, together with plaintiff's costs.

Reversed and remanded with directions.