## BOYLE v. MOUNTFORD

(No. 1491; September 25, 1928; 270 Pac. 537)

*Cassius M. Eby,* for plaintiff in error.

*Sullivan* and *Garnett,* for defendant in error.

*Cassius M. Eby,* in reply.

Brown, District Judge.

For convenience the parties to this action will be called plaintiff and defendant as they appeared in the trial court.

Plaintiff and defendant were two of fifteen locators of an Oil Placer Mineral Claim or claims in what was locally known as the Rex Dome Oil Field. They had known each other for several years, and during that time had worked together in the discovery and location of mineral claims. Each had confidence in the ability and integrity of the

other. The defendant is a geologist. For some years he had held the position of Professor of Geology in the State University at Laramie. At the time of the trial he was the geologist of the Union Pacific Railroad Company in Wyoming. The plaintiff was a practical miner, having commenced work in the coal mines in the State of Pennsylvania when nine years of age. He was uneducated, having never attended school at all. He could read and write with difficulty; some hand writing he could not read at all. He was not familiar with legal phraseology. On July 5, 1923, he executed and delivered to the defendant a quit claim deed to his interest in the above mineral property in Section 26. The property extended beyond the borders of said Section 26, but that portion outside of Section 26 was not included in the deed. Plaintiff claims in this action that it was represented to him by defendant and he so understood from the conversation at the time of the signing, that the instrument was a power of attorney from him to the defendant, desired by the defendant, so that he could sell both of their interests in said mining property to a party he was negotiating with, who was in the market for such interest. The defendant on the other hand claimed that in consideration of his locating the plaintiff in the future on other mineral claims to be located by him, plaintiff deeded to him his interest in this property. The judgment of the lower court was in favor of the plaintiff. Defendant brings the case here for review on error proceedings.

At the close of plaintiff's case the defendant moved for judgment, and now complains of the adverse ruling. If plaintiff made a *prima facie* case, the ruling was correct. Plaintiff testified that defendant approached him with the proposition that he was negotiating with a man from the east who was in the market for an interest in the Rex Dome property, but that this man was not interested unless he could secure at least 2-15 interest—that is, the interest of both the plaintiff and defendant—and

wanted authority from the plaintiff to sell his interest with that of his own, and suggested a power of attorney from the plaintiff to himself so that he could make the sale. This plaintiff was willing to do. Together they went to the office of defendant's attorney, and defendant in plaintiff's presence requested the attorney to make out a power of attorney from plaintiff to himself for plaintiff's signature. Plaintiff did not have his glasses with him. He signed and delivered to the defendant the instrument that was prepared by this attorney in the presence of both of them without attempting to read it, and without its being read to him, relying, in doing so, upon the statements of the defendant. This instrument proved to be a quit claim deed. All of the elements of fraud are here present. A motion for judgment at the close of the plaintiff's case is in the nature of a demurrer to the evidence, and admits its truth. From a view of plaintiff's evidence we are satisfied that he made out a *prima facie* case. It was said by the court in Whitsell v. Strickler, 167 Ind. 602, 78 N. E. 845; 119 A. S. R. 524;

"In situation like this, and in all cases where the relations in life are such that influence is acquired by one and confidence reposed by another, so as to give rise to opportunity for imposition or undue influence, such as arises between guardian and ward, parent and child, husband and wife, principal and agent, and the like and where one of the parties, by reason of his surroundings, is unable to treat with the other upon terms of equality, courts of equity will carefully scrutinize the dealings between them and compel restoration in the absence of absolute fairness.  *  *  *  And this rule in equity is not confined to formal relations, such as those alluded to, but extends to every case where confidence exists on the one hand and influence on the other, 'from whatever cause they may spring.' '' See, also, Hoge v. George, 27 Wyo. 423, 442, 200 Pac. 96, 102, 18 A. L. R. 469.

Even though a *prima facie* case was not made out by the plaintiff, we cannot now review the action of the trial

court in overruling defendants motion for the reason that after the adverse ruling on his motion defendant put on his case, and failed at the close of all of the evidence to renew his motion, and he thereby waived the error, if any, in the ruling of the court. This court in Campbell v. Weller, 25 Wyo. 65, 82, 164 Pac. 881, 885, said:

"It was also held in Landis Machine Co., vs. Konantz Saddlery Co., supra (17 N. D. 310, 116 N. W. 333), that where a defendant introduces testimony after a denial of his motion at the end of plaintiff's case without renewing the motion at the close of all of the testimony, he waives the right to have the ruling on such motion reviewed. And that is the general rule. [citing cases]."

The court after a review of many authorities in Cincinnati Traction Co. v. Durack, 78 Oh. St. 243, 85 N. E. 38, has the following to say of the rule established by the courts in such cases:

"We have thus set the authorities in array and we find that by the consensus of the federal authorities the motion for a verdict at the close of the plaintiff's evidence is waived by the defendant when he subsequently introduces his testimony in defense, without regard to its renewal at the end of all of the evidence, while the state courts from whom we have quoted hold to the same rule, to-wit, unless the defendant renew his motion for a verdict at the close of all of the evidence. Giving due consideration to the reasons that underlie the various decisions we are disposed to hold that the exception to the motion for a verdict at the close of plaintiffs evidence is waived by the defense unless the motion be renewed at the end of the whole evidence, and if it be so renewed it challenges the sufficiency of plaintiff's evidence taken in connection with the facts which appear in the evidence introduced by the defendant."

To permit the defendant to insist upon his motion in this court after he had introduced his evidence in the trial of the case and had not renewed the motion at the close of all of the evidence introduced in the case would in

effect be to permit him to withdraw from the court's consideration such portion of his evidence as tend to explain and support the theory of the plaintiff. This, of course, he cannot do.

Three of the four assignments in the defendant's petition in error are in effect that the judgment is not supported by the evidence. We have repeatedly held that this court would only examine the evidence for the purpose of determining whether the judgment was supported by substantial evidence. Edwards v. Wilson, 30 Wyo. 275, 219 Pac. 233; Lellman v. Mills, 15 Wyo. 152, 87 Pac. 985. We cannot undertake to determine where the weight of evidence lies. In the case at bar, as stated above, the plaintiff's position was that he had signed a paper that was represented to him to be a power of attorney. We fail to find any consideration for the deed he did sign. Defendant denied any misrepresentation and claimed the deed was read to the plaintiff at the time it was signed by him. The correspondence between the plaintiff and defendant after the deed was signed and before suit was commenced or any trouble had arisen between them over the matter, can be construed in no other way, than that both parties recognized that plaintiff still had an interest in the property he had deeded to defendant. For instance, plaintiff on August 28, 1924, four months before suit wrote defendant as follows:

"I wish you would send out to me by mail those power of a turney papers on my intrist in the Rex as I want them and wish to withdraw that as I don't care to sel what I have in that so I like them papers."

And on Sept. 5th the defendant replies in part as follows:

"In regard to the paper on Rex Dome, I want to talk the matter over with you fully before you decide for I think we have a good deal on which will be profitable to us both."

These letters are consistent with plaintiff's theory of the case and wholly inconsistent with the defendant's theory of the transaction. The letter of the defendant shows an erasure. The phrase "in regard to the paper" appears to have been originally written "in regard to *your* paper." This language is not the language of one who had honestly acquired title to the property. We have set out this portion of the evidence to show that the trial court based its judgment on matters in the testimony affecting the credibility of the witnesses. The evidence was conflicting. The oral testimony is in hopeless contradiction. No conclusion could be arrived at without taking into consideration all of those matters which test the credibility of the witnesses and determining therefrom which of them were worthy of belief. This is the especial province of the trial court. In such cases we cannot disturb the action of the trial court on the ground that it is against the weight of the evidence.

At the close of the evidence the court took the case under advisement, and permitted counsel to file briefs. After counsel for plaintiff had filed his brief, counsel for defendant filed a motion supported by affidavit asking the court to reopen the case to permit him to introduce in evidence three additional letters and a cancelled check given by the defendant to the plaintiff. This motion was refused and the action of the trial court is now urged as error. The opening of a case to permit the introduction of additional evidence rests in the sound discretion of the trial court, and the action thereon will not be disturbed unless it appears that there was an abuse of that discretion. Counsel in his affidavit supporting this motion says that the failure to offer this evidence during the progress of the trial was his own misadventure. We think this is insufficient. The court in Seekell v. Norman, 78 Ia. 254, 43 N. W. 190, says:

"After the close of the evidence and while the court was reading its charge to the jury plaintiff asked permission to offer additional testimony alleged to have been newly discovered. It is alleged that the evidence would have been given by one Woolner and that his knowledge of the case was known to plaintiff but a short time before the application was made. The evidence was cumulative in its character, and no diligence to procure it is shown. Woolner had been a bookkeeper of the husband of the plaintiff for fifteen years and during that time was in confidential relations with him. The husband seems to have acted as the agent of the plaintiff in the purchase of the notes and to have been concerned in this litigation. We cannot say that there was an abuse of discretion of the court in refusing the permission asked."

We have carefully examined the proposed evidence, which consists of carbon copies of two letters written by defendant to plaintiff, the original of one of which is now in evidence as Exhibit 8; a letter from plaintiff to defendant, and a cancelled check given by defendant to plaintiff. The defendant says that the date of the cancelled check would impeach the plaintiff as to the date when the deed was executed. The date is not material, and even though the cancelled check would tend to impeach the plaintiff, it would be impeachment on an immaterial matter. The proposed evidence was cumulative in character, and though in the record, would not change the result. We think therefore that there was no abuse of discretion in this instance.

Counsel for defendant interposed a motion, consisting of twenty-four paragraphs, to strike portions of the plaintiff's petition and now complains of the adverse ruling thereon. It is, perhaps, sufficient to say in reference thereto that the motion contained nothing, which if successful, would have changed the result of the trial.

When plaintiff first consulted his attorney with reference to the case, a revocation of the power of attorney which plaintiff supposed he had signed, was prepared,

executed and served on defendant. During the progress of the trial it was charged by defendant that plaintiff's attorney at this time first suggested the idea to plaintiff that the instrument he had executed was a power of attorney. To rebut this charge, Mr. Sullivan, one of plaintiff's attorneys, took the stand and offered to prove by his testimony the facts he had before him when the revocation of the power of attorney was drawn. This was permitted by the court. Defendant claims that this action on the part of the attorney was only an effort to corroborate the plaintiff in his claim that the paper he signed was represented to him to be a power of attorney, and that the testimony was hearsay and its admission error. The offer was limited to the sole purpose of refuting the charge made. In view of its limited purpose we think its admission not erroneous. In any event the evidence was not important. We cannot conceive how its reception for that purpose, in a trial to the court without a jury, could harm the defendant. It follows that the judgment of the trial court should be affirmed. It is so ordered.

BLUME, Ch. J., and KIMBALL, J., concur.