WENDELL DEAN ARNOLD,

*Plaintiff and Appellant,*

vs.

LEWIS M. JENNINGS,

*Defendant and Respondent.*

(No. 2734; May 15th, 1956; 296 Pac. (2d) 989)

464

For the plaintiff and appellant, the cause was submitted upon the brief of E. E. Birchby of Sheridan, Wyoming.

For the defendant and respondent, the cause was submitted upon the brief and also oral argument of William D. Redle of Sheridan, Wyoming.

## OPINION

PARKER, Justice

On July 7, 1954, plaintiff Wendell Dean Arnold asked Lewis M. Jennings to drive him from Sheridan, Wyoming, some four miles into the country to inquire about a job. On the return trip early on the morning of the 8th, the car driven by Jennings left the road and overturned, throwing plaintiff some thirty or forty feet and injuring him. He sued defendant in the District Court of Sheridan County for $15,767.85, alleging that he was a "guest passenger" and that the injuries occasioned to him were the result of defendant's "gross negligent, willful and wanton act." The court, acting without a jury, dismissed plaintiff's petition and made the following finding:

"The Court expressly finds that on July 8, 1954, the Plaintiff was riding as a non-paying guest passenger in the automobile of the Defendant; that Defendant was driving his automobile and that the Defendant while so driving was blinded by the lights of an oncoming car, and that Defendant turned his Studebaker sedan sharply to the right to avoid colliding with said oncoming car and while so doing ran off the shoulder of the road, over an embankment, hitting a ditch and causing the Defendant's automobile to overturn.

"The Court further finds that Plaintiff has failed to prove by a preponderance of the evidence that such accident was caused by the gross negligence or by the wilful and wanton misconduct of the Defendant."

Plaintiff has appealed, urging that the judgment is invalid for the reason that it is contrary both to the law and the evidence. He also insists that the court erred in certain rulings regarding the evidence and

exhibits. Plaintiff made no claim that defendant was negligent on the trip out and states in his brief that the parties "proceeded to drive out in a safe and prudent manner." We therefore examine the record to determine what evidence was presented regarding defendant's negligence on the return trip and find the following testimony by plaintiff. "He [defendant] drove away from the house fast. * * * he was driving so fast on the dirt road that I told him that it was a terrible road, he might hurt his car * * *. He was driving very fast. * * * * [I warned] Mr. Jennings against speeding the car * * * probably 4 or 5 times. * * * I told Duke that he was going too fast to make that corner * * *. I do not know how fast he was drivin, * * *. He was driving too fast for the road * * * I don't know how fast in miles per hour. I did look at the speedometer, too, but I wasn't thinking about how many miles an hour. I was just observing where the hand was and how fast we were going. * * * [It was] at an angle ;about one o'clock. * * * he [was] on the wrong side of the road going around that corner. * * * then we started back and come along the center line."

Opposed to this testimony was that of defendant that plaintiff "didn't * * * [caution me] * * * about the speed * * * never showed any nervousness at all in coming back on the return trip. * * * on the corner prior to the corner where the accident occurred * * * [I was going] approximately 35, 40 miles an hour. * * * as we approached the curve I saw these car lights coming and he had bright lights on and was on my side of the road, and I got over when I seen he was going to hit me headon. I swerved to the right and I couldn't get it back on the road."

The witness, Howard Heiduck, a highway patrolman, testified that from his examination he "thought

it [defendant's car] had been traveling at a fast speed. * * * I had made that curve at between 45 and 50 miles an hour and found no swerving of the car and no difficulty in keeping it on my own side of the road. * * * [I] never saw any sign or track of any kind which would in any way indicate * * * that Mr. Jennings' car had ever been on the wrong side of the center line * * *.

While the foregoing is not a complete resume of all the testimony relating to the alleged improper acts of the defendant, it is representative of the entire evidence on the subject and incorporates the strongest proof adduced by plaintiff. Since plaintiff did not urge willful or wanton misconduct on the part of defendant, he apparently relies solely on his proof of defendant's gross negligence which under Hawkins v. L. C. Jones Trucking Co., 68 Wyo. 275, 300, 232 P.2d 1014, 1023, is defined as that:

"* * * 'indifference to present legal duty and * * * utter forgetfulness of legal obligations' which our statute declares must exist before a liability arises, § 60-1201, W.C.S. 1945, Altman v. Aronson [231 Mass. 588, 121 N.E. 506] * * *."

Whether the trial court, if it had unreservedly accepted plaintiff's version of the accident, would have been justified in finding defendant to have been grossly negligent under that definition might be questioned, but need not here be determined.

Our function in an appeal such as this is to decide whether there was before the court sufficient evidence upon which to base the judgment rendered. Boyle v. Mountford, 39 Wyo. 141, 149, 270 P. 537, 539. The court, acting as a trier of facts, was entitled to evaluate the testimony and believe any, all, or none of the witnesses as the circumstances warranted. See Caswell v. Ross, 27 Wyo. 1, 10, 188 P. 977, 980; Gould v.

James, 43 Wyo. 161, 166, 299 P. 275, 276. Defendant's testimony was in substantial conflict with that of the plaintiff and, if believed by the court, was sufficient to negative any right of recovery and to sustain the finding and judgment.

This being true, plaintiff's various specifications of error relating to the admission and rejection of certain evidence does not warrant discussion since even if the complaints were well founded any error would be harmless. This point calls to mind the statement in Williams v. Yocum, 37 Wyo. 432, 455, 263 P. 607, 611, quoted with approval in Macy v. Billings, Wyo. 289 P.2d 422, 424:

"Stated in another way and in general terms, the great weight of authority seems to support the principle that ,where there is sufficient competent evidence to sustain a finding in a case tried by the court without a jury, admission of incompetent evidence is not ordinarily a ground for reversal. * * *"

The same principle applies to the exclusion of evidence which would not substantially change the basic facts before the court. See Hudson v. Erickson, 67 Wyo. 167, 216 P.2d 379; Ruegamer v. Rocky Mountain Cementers, Inc., 72 Wyo. 258, 263 P.2d 146. The rule that where testimony is conflicting the finding of the trial court should not be disturbed unless such finding is clearly erroneous or against the great weight of evidence has been so often repeated by this court as to now be axiomatic. See Hester v. Smith, 5 Wyo. 291, 40 P. 310; Jackson v. Mull, 6 Wyo. 55, 42 P. 603; Columbia Copper Min. Co. v. Duchess Mining, Milling & Smelting Co., 13 Wyo. 244, 79 P. 385; Slothower v. Hunter, 15 Wyo. 189, 88 P. 36; Williams v. Yocum, 37 Wyo. 432, 263 P. 607; Meyer v .Cully, 69 Wyo. 285, 241 P2d 87. In the present case, the finding is neither

clearly erroneous nor against the great weight of the evidence.

For the reasons above stated, the judgment of the lower court is affirmed.

*Affirmed.*

BLUME, C.J., and HARNSBERGER, J., concur.