Newell J. SORENSON, Appellant
(Plaintiff below),

v.

SCHOOL DISTRICT NO. 28, IN the COUNTY OF BIG HORN, State of Wyoming,
Appellee (Defendant below).

No. 3525.

Supreme Court of Wyoming.

Oct. 21, 1966.

Charles E. Graves, of Roncalio, Graves & Smyth, Cheyenne, for appellant.

J. D. Fitzstephens, of Goppert & Fitzstephens, Cody, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

In September 1964 plaintiff was dismissed from his teaching duties by the

school district. In June 1965 he filed suit against the district asserting breach of contract and demanding $5,400.06. The district denied generally and the case was heard by the court, which found that the termination of plaintiff's contract was an arbitrary act and an abuse of discretionary authority but held that plaintiff might take nothing because he was not the holder of a teaching certificate after September 1, 1964, and no certificate was registered as required by §§ 21–30 and 21–33, W.S. 1957. Plaintiff has appealed to this court.

When the matter of plaintiff's lacking a certificate developed during the trial, he offered to produce a certificate not then in existence, and ten days after the trial, and before entry of judgment, filed of record a certificate dated September 1, 1964, authorizing him to teach during the period between September 1, 1964, and September 1, 1969, together with a letter from an official dated November 15, 1965, indicating that the certificate was dated back to September 1, 1964, since it should have been issued then.

Plaintiff argues that (a) a teacher is bound only to meet his responsibilities and to possess the requirements necessary to obtain a teaching certificate and is not obligated to assume the burden for misfeasance by the issuing authority, (b) the trial court reached an improper and erroneous decision in looking beyond the face of the certificate to determine the effect of the statute, (c) the legislative history of § 21–33 establishes the intent of the legislature that such section is not applicable to present certification statutes, (d) the best interests of the public are served by interpreting the requirements regarding registration and certification liberally and as directory rather than mandatory, and (e) § 21–30 is unconstitutional inasmuch as it is

a subject which was embraced in the original bill but was not in the title of the bill.

The correctness of the judgment turns on an interpretation of Seamonds v. School Dist. No. 14, Fremont County, 51 Wyo. 477, 68 P.2d 149. Plaintiff concedes such opinion holds that a teacher must have met the certification requirements before he may teach and collect a salary, but he urges that such pronouncement does not relate to a situation such as the present one or preclude a decision for plaintiff thereunder, saying that according to "recent and progressive cases" the certificate should be dated back and that a failure to have the certificate in possession where the teacher is without fault does not relieve the school district from liability for salary. He argues further that the judgment violates the intent of the legislature.

The question here presented was resolved by the Seamonds case, which determined without equivocation that under the relevant statutes, now §§ 21–30 and 21–33, payment to a teacher who has no certificate is unauthorized, and we find no reason to disturb that decision. Plaintiff says that his teacher's certificate is prima facie evidence that he was qualified to teach, that it must be accepted by the court, and that it was error to look beyond its face. He overlooks the fact that from his own testimony and his counsel's statements the court was entitled to find that the certificate was not issued until after the trial was concluded, and in any event, no certificate was registered in the office of the County Superintendent of Schools, Big Horn County.

As to the charged unconstitutionality of the statute, it is not shown that this matter was raised in the court below, and it may not be heard here.

Affirmed.