In the Matter of the Parental Rights of Mervin SHREVE, Eugene Shreve, Leva Shreve, Theresa Shreve and Karen Shreve.

Dona DISSELLE, Appellant (Respondent below),

v.

The STATE of Wyoming ex rel. SHERIDAN COUNTY WELFARE DEPARTMENT, Appellee (Petitioner below).

No. 3591.

Supreme Court of Wyoming.

Oct. 6, 1967.

Bruce P. Badley, Sheridan, for appellant.

William D. Norman, Special Asst. Atty. Gen., Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

The County Attorney of Sheridan County, purporting to act under the authority of § 14-53 ff., W.S.1957, filed a petition

alleging that Dona Griffen (formerly Dona Shreve and at the time of the trial Dona Disselle) was the natural mother of five Shreve children: Mervin, age nine; Eugene, age seven; Leva, age six; Theresa, age four; Karen, age three; then living with Leva Anderson, their grandmother; that the mother was an unfit person to have the permanent care, custody, and control of the children by reason of her abuse and neglect of them; and that the best interests of the children required their being placed under the jurisdiction of the court and the custody and guardianship awarded to the father, Alvin Shreve, or another suitable person. Petitioner upon these allegations sought termination of the parental rights of the mother, the appointment by the court of a suitable guardian for the minor children, and the granting of temporary custody to a suitable person. Summons and citation was served upon Dona Griffen and also upon Alvin Shreve, who had been previously married to the children's mother, divorced from her in 1956, remarried the same year, and again divorced in 1960 by a Montana court. He filed an answer, praying that the parental rights of the mother be terminated and that the children be placed in the care, custody and control of his sister and brother-in-law, Margaret and Vern Dillon of Odessa, Missouri. Mrs. Disselle filed an answer, denying generally all of the state's allegations and asserting that she was capable of taking care of the children and requesting the dismissal of the petition. The Dillons filed a written offer to accept the custody of the minor children, and Leva Anderson, the maternal grandmother, filed a similar offer.

Following a hearing, before the trial court without a jury, where evidence was adduced, the court issued two orders, the first finding that the natural mother had neglected the children and was therefore an unfit parent, terminated her parental rights by reason of neglect, and decreed the temporary care, custody and control to the Sheridan County Department of Public Welfare as guardian. Thereafter, the court, upon the petition of the welfare director, issued the second order, providing that the department place the minor children with the Dillons at Odessa, Missouri, on a trial, foster-home basis, and that the father, Alvin Shreve, make his current, child-support payments to the Dillons, the trial court retaining jurisdiction over all parties.

Mrs. Disselle has appealed, urging that the evidence produced by the State was insufficient to support the decision of the trial court, that the court erred in receiving into evidence three different exhibits consisting of reports of the welfare department, and that the Act under which the proceedings were brought is unconstitutional.[1]

■ An examination of the record discloses in the evidence adduced by the State in its case in chief little which could be interpreted as substantial evidence that Mrs. Disselle was an unfit person by reason of neglect of the children to warrant a termination of her parental rights. The most shown was that a place where the children had lived was dirty, foul smelling, and contained what appeared to be human excrement on the floor where the baby's bed had been; that in their home dirty clothes were strewn about and dishes were piled in the sink; and that at least once for about an hour the children had been left alone. While these circumstances might show a situation consistent with the lack of care they do not necessarily prove this, and if the propriety of the basic decree depended solely upon the evidence

---

1. Although at the time of the hearing there was some apparent contention by Mrs. Disselle's attorney that the proceeding for the termination of parental rights was improper since the only notice given was for a *temporary* order to show cause, the court asserted that all counsel had agreed that the matter would then be heard and fully determined and error on that ground is not asserted in the appeal.

adduced by the State in chief it might be subject to challenge. However, notwithstanding Mrs. Disselle's motion to dismiss after the State had rested, the case proceeded and a consideration of the evidence, at the time the parties had rested and the motion to dismiss was renewed, shows it to sufficiently make out a case for the State and to disclose that Mrs. Disselle had neglected the children. Under past holdings of this court, error, if any, in overruling a motion for dismissal at the close of a plaintiff's case is cured where the defendant introduces evidence and at the time the parties finally rest the evidence is sufficient to make out a case for the plaintiff. Marsh v. Butters, Wyo., 361 P.2d 729, 732; Boyle v. Mountford, 39 Wyo. 141, 270 P. 537, 539.

Appellant urges that the reports of the welfare department were improperly received. At the time of the trial, the view of the court seemed to be that the reports were admissible as being official records of a governmental agency. We find no justification for such a holding. The Uniform Official Reports as Evidence Act, § 1–165 ff., W.S.1957, at § 1–166 provides that written reports or findings of fact made by officers of this State shall be admitted as evidence of matters therein stated. Nothing is before the court to indicate that any of the persons making the proffered welfare reports were officers, and there is no contention of admissibility on any other basis. Such reports were not within the statute. Richardson v. Farmers Union Oil Company, 131 Mont. 535, 312 P.2d 134, 144. The error in receiving them is, however, not prejudicial, it being generally accepted in this jurisdiction that in a trial by court without a jury where there is sufficient, competent evidence without that claimed to be erroneously admitted to sustain a judgment such admission is not a ground for reversal. York v. Torbert, Wyo., 355 P.2d 205, 209; Arnold v. Jennings, 75 Wyo. 463, 296 P.2d 989, 991.

As to the charged unconstitutionality of § 14–53 ff., it is not shown that this matter was raised in the trial court, and it will not therefore be heard here. Sorenson v. School District No. 28, in the County of Big Horn, Wyo., 418 P.2d 1004, 1005.

Affirmed.