Karen KNUDSON, Appellant
(Plaintiff below),

v.

Violet Joan HILZER, Appellee
(Defendant below).

No. 4571.

Supreme Court of Wyoming.

June 29, 1976.

Edward P. Moriarity, Spence & Moriarity, and Ronald W. Hofer, Casper, signed the brief and appeared in oral argument on behalf of the appellant.

James W. Owens, Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, signed the brief and appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

A motion for summary judgment was granted in favor of defendant-appellee in this automobile negligence case. Plaintiff-appellant sued defendant-appellee, claiming that while a passenger in a vehicle maintained and operated by defendant, she suffered serious injury caused by the negligence of the defendant. The affidavits of the parties best provide the setting for disposition of this appeal.

The defendant's affidavit in support of her motion for summary judgment alleges as follows:

"1. That I am the defendant in the above-entitled cause and have personal

knowledge of the matters contained herein, and make this affidavit in support of defendant's Motion for Summary Judgment.

"2. That on July 18, 1974, I was going to Lingle, Wyoming to have some oats, owned by my husband and me, rolled and asked the plaintiff if she would ride along with me and keep me company. The plaintiff had no interest whatever in these oats and did not and has not ever purchased or otherwise used them.

"3. That we (myself and plaintiff) proceeded to Chester Brown's elevator in Lingle, Wyoming. At no time did plaintiff purchase any gas for the trip and at no time did she have any control over my pickup or even attempt to exercise any control over my vehicle. I chose the route of travel and purchased the gas for the trip in Natrona County, Wyoming.

"4. That when we arrived at the Brown elevator in Lingle, the plaintiff decided to purchase three bags of oats for her own use. I assume that this was because these oats were cheaper than the Casper prices. Prior to our trip, plaintiff had not, to my knowledge, intended to purchase these oats and I did not have anything to do with this purchase and they were not in anyway whatever part of my oats, which I had brought from Casper to be rolled at Lingle.

"5. That we returned to Casper via the old Glenrock Highway (U.S. 87) and hit a severe thundershower which came up out of nowhere. I was preceeding [sic] at approximately 50–55 miles per hour at that time and as we rounded a curve, my truck slid off the highway. I had not been drinking at the time and believe the accident was caused by the slick condition of the highway due to the sudden rain storm."

The counter-affidavit of the plaintiff resisting the motion alleged the following as the true facts:

"1. That your affiant is the plaintiff in the above entitled cause and has personal knowledge of the matters contained herein, and makes this Affidavit in Defense of defendant's Motion for Summary Judgment.

"2. That your affiant had the day of July 18, 1974, off and that defendant herein requested that your affiant accompany her on a trip to Lingle, Wyoming, as she was to have some oats rolled at Brown's elevator in Lingle, Wyoming.

"3. That prior to leaving Natrona County, Wyoming, your affiant explained to the defendant herein that she was out of oats and that we could proceed to Lingle, Wyoming where your affiant would purchase oats, and they would in turn, be hauled in her pickup.

"4. That proceedings [sic] out of Lingle, Wyoming, the vehicle in which the parties were riding ran out of gas on the main tank and that your affiant personally switched the tank on the vehicle as defendant was not able, and that affiant's assistance was required to avoid an accident.

"5. That your affiant and defendant herein owned livestock on a ⅓ basis and that the parties hereto were generally in a joint venture relative to this livestock.

"6. That the whole purpose of this trip on July 18, 1974, was to obtain feed for the parties' respective livestock and to promote their mutual interest and that of the defendant herein.

"7. That your affiant has ridden in vehicles before and would estimate the speed of the pickup at between 60 to 65 mph., and that immediately prior to the accident defendant said, 'We have got to get these god dam [sic] oats home, they're getting wet,' and she proceeded to speed the vehicle up just prior to the accident.

"8. Further affiant knows that the vehicle was proceeding at an excessive

speed for the conditions that existed at the time."

The trial judge, after taking argument of counsel under advisement, issued a short letter opinion, in pertinent part as follows:

"* * * I have tended toward the view that I should shy away from summary judgment whenever the evidence presented a reasonable chance of fact issue. Here, however, the evidence of 'mutual interest', much less 'control and direction' seems to me so thin that the motion should be granted."

The trial judge in the order granting the summary judgment added the following fact to those appearing in the affidavits, "* * * and the plaintiff's counsel having admitted to the Court that the oats were not fed to cattle jointly owned by the parties; the Court FINDS generally in favor of the defendant and against the plaintiff, * * *."

The issues as presented by the plaintiff, are:

1. Did the trial judge decide a fact issue presented by opposing affidavits? Our answer will be yes.

2. Does the guest statute[1] apply? Our answer will be that we do not know because that will depend upon the findings of the trier of the facts.

3. If our guest statute applies, is it constitutional? Our answer will be that we do not reach this question and render no opinion in that regard.

4. Has the guest statute been suspended by the comparative negligence statute? Our answer will be that we do not reach this question and render no opinion in that regard.

The plaintiff's complaint set out only one ground for recovery. The plaintiff's

claim there was based upon the theory that this is a case where the two parties were engaged in activities furthering a joint venture and defendant was receiving a direct benefit from transporting the plaintiff. This then, if true, would remove her from the guest statute. It would appear that the trial judge's determination was based upon this position of the plaintiff because of his letter comments and the expressions of the court in the order he signed granting summary judgment. We gather that to be the sole basis for granting the summary judgment.

For the moment, we will depart from that subject for reasons that will later appear and move to plaintiff's contention that if the guest statute applies, the court's granting of summary judgment was improper because there is a material question of fact as to defendant's gross negligence. The defendant asserts here that the guest statute was never argued by counsel or considered by the trial court in any aspect. We do not know that from the record. We would be required to guess. If the parties want us to know what was argued and what was not, a record of arguments should be kept and sent to this court. We do know that the defendant raised the question that plaintiff was a guest in the defendant's automobile by pleading that fact in her answer as an affirmative defense and the applicability of the guest statute was argued here.

 The parties have apparently overlooked the proposition that under our two-pleading system, the plaintiff was not required to plead gross negligence or willful and wanton misconduct unless required by the court to reply. Rule 7(a), W.R.C. P.[2] By Rule 8(d), W.R.C.P., "* * *

---

1. Section 31–233, W.S.1957, the Wyoming guest statute, provides:

"No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the

gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton mis-conduct contributed to the injury, death or loss for which the action is brought."

2. Rule 7(a) provides:

"There shall be a complaint and an answer; a reply to a counterclaim denomi-

Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or *avoided*." (Emphasis added.) The gross negligence of defendant would therefore be before the court in avoidance as an issue. When the defendant raised the defense that the plaintiff was a guest, the burden was shifted to plaintiff of establishing gross negligence or willfull and wanton misconduct causing plaintiff's injuries. In an action by a guest against the driver, it is incumbent upon the guest to prove gross negligence on the driver's part to support a cause of action. *Fleming v. Lawson*, 10 Cir. 1956, 240 F.2d 119. Gross negligence is an indifference to present legal duty and utter forgetfulness of legal obligations which our statute discloses must exist before liability arises. *Arnold v. Jennings*, 1956, 75 Wyo. 463, 469, 296 P.2d 989, 990, quoting language approved in *Hawkins v. L. C. Jones Trucking Co.*, 1951, 68 Wyo. 275, 300, 232 P.2d 1014, 1023.

■ This court approved language in *Meyer v. Culley*, 1952, 69 Wyo. 285, 307, 241 P.2d 87, 96, to the effect that the existence of gross negligence must be determined from the facts and circumstances in each case. It is for a jury to decide whether or not there is gross negligence when reasonable minds might draw different conclusions from conflicting evidence. What would amount to gross negligence under some circumstances might be only slight negligence under a different set of circumstances. That is why it is a jury question of fact for determination. See also *Cederburg v. Carter*, Wyo.1968, 448 P.2d 608, 610, and cases there cited.

■ Here, on the question of speed alone, there is a sharp conflict. Plaintiff will testify that the defendant was going 60 to 65 miles per hour and speeded up the truck to a rate higher than that, just before it slid off the highway, to keep the grain from getting wet. It is her claim that because of the severe thunderstorm in progress, which is undisputed, that was excessive speed for the conditions that existed at the time. Defendant's claim is that she was going only 50 to 55 miles per hour and, in rounding a curve, the slippery condition of the road caused her vehicle to slide off the highway without any fault on her part. Whether defendant was negligence free, negligent or grossly negligent or guilty of willfull and wanton misconduct was a wide-open fact question. It is not the duty of a trial court or this court on a motion for summary judgment to resolve any existing issues of fact. The trial judge did not go far enough in examining the issues.

■ The purpose of a motion for summary judgment is not to decide the facts but determine if any real issue exists. *Kover v. Hufsmith*, Wyo.1972, 496 P.2d 908. The question of negligence, whether non-existent, slight or gross, is one of fact and if the evidence respecting it is in conflict and such that ordinarily might draw different conclusions, a question of fact for the jury to determine is presented. *Krahn v. LaMeres*, Wyo.1971, 483 P.2d 522, 525; *Meyer v. Culley*, supra; *McClure v. Latta*, Wyo.1960, 348 P.2d 1057.

■ There is a material question of whether there was no negligence, simple negligence or gross negligence. A motion for summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), W.R.C.P. These requirements are the very core of the summary judgment device. While the summary judgment procedure permits early disposition of unfounded lawsuits, if there is a material issue of fact presented, the plaintiff does not

nated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

lose a right to trial. *Bluejacket v. Carney*, Wyo., 550 P.2d 494. When there are genuine issues of material fact, the summary judgment should not be granted. *Johnson v. Soulis*, Wyo.1975, 542 P.2d 867, 871–872. The rules of pleading and the summary judgment affidavits present the question.

■ When a motion for summary judgment is before us, we have exactly the same duty as the trial judge and we have exactly the same information before us. As said in 10 Wright & Miller, Federal Practice and Procedure: Civil § 2716, p. 430:

"The general standard that an appellate court applies in reviewing the grant or denial of a summary judgment motion is the same as that employed by the trial court initially under Rule 56(c)—a summary judgment is proper when it appears 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' The way in which this test is applied at the appellate level is designed to give the party who defended the motion the benefit of any doubt as to the propriety of granting summary judgment. * * *"

■ It is a well settled principle that the moving party on a motion for summary judgment has the burden of showing the absence of a genuine issue of material fact and the material lodged—the affidavits— must be viewed in the light most favorable to the opposing party. *Bluejacket v. Carney*, supra, and the cases there cited. See also *Adickes v. S. H. Kress and Company*, 1970, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed. 2d 142. Because of the defendant's failure to foreclose the possibility of gross negligence on her part, she has not carried that burden.

■ The trial judge has granted a final summary judgment on only one issue in the case. We call particular attention to Rule 56(d) which imposes a special obligation on the trial judge upon a motion for summary judgment:

"If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

With our ruling that a final summary judgment should not have been granted because of the existence of the material issue of gross negligence, we do not know in what status the trial judge's ruling should be placed. Did he grant a partial summary judgment [3] on the question presented by plaintiff's complaint or should he have as-

---

3. The rules do not permit an appeal from a partial summary judgment, such being merely a pretrial adjudication that certain issues are deemed established for the trial of the case. *Reeves v. Harris*, Wyo.1963, 380 P.2d 769. In the sense that the summary judgment order entered in this case completely excluded the plaintiff from the trial of any issue, we do not consider this a partial summary judgment. On the other hand, it is in a sense partial as to the only issue it reached, since another issue remained. Because they are generally undesirable, we will not consider appeals piecemeal and so bypass any consideration of the fragmented issue upon which the trial court acted. *Snell v. Ruppert*, Wyo.1975, 541 P.2d 1042; *Olmstead v. Cattle, Inc.*, Wyo.1975, 541 P.2d 49; *Reeves v. Harris*, supra. In the light of our remand for trial, the district judge may wish to reconsider excluding plaintiff from trial of the issue raised in his complaint, though we make no ruling in that regard.

certained "what material facts exist without substantial controversy and what material facts are actually and in good faith controverted," as provided by Rule 56(d)? We will not consider that question for him before he has had an opportunity to consider its disposition following remand. It pertains basically to the trial which must be held and becomes a trial judge's problem at this point. We do not generally consider questions which have not been considered by the trial court. *Guggenmos v. Tom Searl-Frank McCue, Inc.,* Wyo. 1971, 481 P.2d 48.

■ There are two reasons for not deciding the constitutional question presented by appellant. First, there is nothing in the record to show that it was considered by the trial judge. Where unconstitutionality of a statute was not raised in the trial court, we, as a reviewing court, will not hear the matter. *In re Shreve,* Wyo.1967, 432 P.2d 271; *State ex rel. Fire Fighters Local 279, I.A.F.F., v. Kingham,* Wyo. 1966, 420 P.2d 254; *Sorenson v. School District No. 28, in Big Horn County,* 418 P.2d 1004.

■ Second, since the trial judge improvidently granted a final summary judgment which must be reversed and remand directed, it is unnecessary to at this time consider the constitutionality of the guest statute. The plaintiff agrees with that position. In her brief, plaintiff states that if this court agrees with the proposition that as a matter of law there was no joint venture and no benefit to the defendant (we do not rule on that question), this supreme court " * * * is then requested to decide if the lower court was correct in determining as a matter of law that the defendant was free of gross negligence. Finally, if that is affirmed, then this Court is requested to face headon the issue of whether or not the guest statute is constitutional and the subsidary [sic] issue of whether or not it has been superceded [sic] by the Wyoming Comparative Negligence statute." We agree with plaintiff that the issue of gross negligence exists.

■ A court will not anticipate prospective conditions which may never arise in order to declare a statute unconstitutional; a statute is not to be upset on possibilities, if valid according to facts as they exist. *In re Edelman's Estate,* 1951, 68 Wyo. 30, 49-50, 228 P.2d 408, 415. See also *Bowers v. Getter Trucking Company,* Wyo.1973, 514 P.2d 837; *State ex rel. Fawcett v. Board of County Commissioners of Albany County,* 1954, 73 Wyo. 69, 87, 273 P.2d 188, 198; *Owl Creek Irrigation District v. Bryson,* 1953, 71 Wyo. 30, 61, 253 P.2d 867, 879, reh. den. 258 P.2d 220; *Tavegia v. Bromley,* 1950, 67 Wyo. 93, 106, 214 P.2d 975, 979; *Sheridan County Power District v. Chicago, B. & Q. R. Co.,* 1945, 61 Wyo. 365, 374, 157 P.2d 997, 1000. We have no idea whether the fact of gross negligence exists. We only know that the issue of no negligence or negligence of some degree is for determination by the trier of fact and if negligence is present, to make the determination of whether or not it is gross. We are now uninformed of which possibility exists. If ordinary negligence exists and plaintiff is denied recovery as a guest, the question of constitutionality could be presented. If plaintiff recovers, then she has nothing to complain about and we are not then required to hear a constitutional question. *In re Edelman's Estate,* supra.

It has consistently been the position of this court that even when constitutional questions are reserved, under statutory authority, the court will not consider them until all preliminary matters, including factual questions, are finally disposed of and there is nothing left to do but apply the answer to the constitutional question. *State v. Rosachi,* Wyo.1976, 549 P.2d 318. See also the order entered in *Hanchey v. Steighner,* Wyo.1976, 549 P.2d 1310, where this court refused to answer the very same constitutional question as here presented, as certified by the United States District Court for the District of Wyoming, pursuant to §§ 1–193.3 through 1–193.4, W.S.1957, 1975 Cum.Supp., be-

cause the answer would not be dispositive of the case pending in federal court; the query was premature.

For us to answer the constitutional question here would require us to reverse the entire jurisprudence of this state with respect to ruling on constitutional questions. That, we do not intend to do. Constitutional rulings hold an exceptionally important place in our statutory law pertaining to reserved constitutional questions; Rule 52(c), W.R.C.P., pertaining to reserved constitutional questions, and, the case law of Wyoming with respect to constitutional questions in the ordinary appeal. To do otherwise would result in issuing an advisory opinion, likewise inconsistent with our jurisprudence. See *State v. Rosachi,* supra. We, in addition, do not reach the question relating to the comparative negligence statute, for the latter reason and it does not appear that the question had been first presented to the trial judge.

The judgment of the district court is reversed, the order granting summary judgment vacated and the case remanded to the district court for further proceedings consistent with this opinion.