**Doris HUNTER, Appellant**
**(Plaintiff below),**

**v.**

**FARMERS INSURANCE GROUP, Appellee**
**(Defendant below).**

**No. 4591.**

Supreme Court of Wyoming.

Oct. 15, 1976.

Hunter Patrick, Patrick & LaCroix, Powell, signed the brief and Daniel R. Spangler, Cheyenne, appeared in oral argument on behalf of appellant.

James S. Allison, Associate of Ross D. Copenhaver, P. C., Powell, signed the brief and appeared in oral argument on behalf of appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

The defendant-appellee insurance company moved for summary judgment in the district court, claiming that as a matter of law the defendant insurance company is free of liability for medical expenses related to a covered automobile accident and person, which did not become payable until more than one year from the date of the occurrence under the following medical expense policy obligation:

"To pay all reasonable expenses actually incurred within one year from the date of accident for necessary medical services."

From a ruling favorable to the defendant insurance company, the plaintiff appeals. We will reverse the district court because of the insufficiency of the summary judgment proceedings.

The plaintiff was injured in an automobile accident which took place on September 6, 1972. She now asserts that medical expenses arising out of a knee operation in November, 1974, were the result of that occurrence and, therefore, the insurance company should be responsible for medical expenses claimed. Defendant paid medical expenses billed to the plaintiff in the one-year period. The defendant insurance company, on the other hand, asserts that it is absolved from liability for the 1974 medical expenses on the basis of the quoted provisions contained in the policy.

We are unable to reach the real merits of the case, namely, the construction which should be placed on the questioned policy provision. The motion for summary judgment and supporting affidavit are woefully inadequate; the parties and the trial court lost sight of and ignored the controlling rule and decisions of this court in that regard. Rule 56, W.R.C.P., in pertinent part, with respect to summary judgment, provides as follows:

"(b) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) * * * The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *

* * * * * *

"(e) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him."

The defendant's attorney attached his own affidavit in support of the defendant's motion, declaring that:

"3. Deponent believes that there is no genuine issue of material facts to be determined in connection with this action since the provisions of the Defendant's insurance policy, a copy of which is attached hereto, only provides coverage for all reasonable medical expenses actually incurred within one year from the date of the accident and the medical expenses sought to be recovered by the Plaintiff in the above entitled action were incurred more than one year from the date of the accident, September 6, 1972."

There was nothing more to support the motion; only that ˙naked hearsay statement. There was not compliance with the rule that affiant must demonstrate personal knowledge of the facts to which he swore. (There is no issue about the policy provision—the record plainly shows that to be the provision involved.)

The response of the plaintiff was to file a counter-affidavit, signed by plaintiff's attorney, which was not shown to be based on personal knowledge but only that "he is familiar with the facts and circumstances." That was likewise no more than hearsay. To that was attached a letter from a doctor, indecisive and unsworn.[1] That was hearsay on top of hearsay.

The plaintiff's complaint alleges:

"6. That as a result of said accident, your Plaintiff incurred reasonable expenses for necessary medical services as follows: To Saint Vincent's Hospital, Billings, Montana, from June 27, 1974, to July 6, 1974, daily service charge, $423.00, pharmacy, $16.70, laboratory, $13.00, medical supplies, $26.55, operating room and surgical supplies, $100.80, anesthesia supplies, $13.00, intensive care, $12.00,

---

1. The letter, in pertinent part, is as follows: "In reference to your letter of December 19, 1974, Mrs. Hunter had evidence of injury to her knee when admitted to the hospital in September of 1972 following her automobile accident. X-rays were taken at that time, however, did not show any evidence of bony injury or injury to the joint per se. The knee did continue to cause trouble, however, and it was noted by Dr. Robert Wood in November, 1972, when she was being evaluated by him for residual head injury, that she did limp on the right leg and did relate to him that the leg apparently was twisted in the auto accident and had been giving her pain ever since.

"She was subsequently referred to Dr. Walton's group in Billings, Montana, and I believe surgery was done on her in June of 1974.

"I feel that most likely this surgery was required as a direct result of injury sustained in the automobile accident and I believe that most likely Dr. Walton and Dr. Daniels would concur in this impression.

"Having never seen Mrs. Hunter prior to the accident I would have no way of stating whether or not she had pain in this knee before the accident."

physical therapy, $54.00, emergency room, $11.00, for a total of $670.05; to Dr. Stephen P. Robison, Billings, Montana, for anesthesia, June 28, 1974, $96.00; to Dr. W. T. Daniels, Billings, Montana, from March 29, 1974, to July 19, 1974, examination of right knee, $8.00, x-ray of right knee, $10.00, patellar tendon transfer, $405.00, and knee immobilizer, $23.00; to Murray's Apothecary Shop, Cody, Wyoming, from December 29, 1973, to July 8, 1974, pharmaceuticals in a total amount of $92.00; and to Dr. Frederick Deiss, Powell, Wyoming, July 15, 1974, reinforcement of cast, $7.00 for a total of $1,311.05.

"7. That the above medical services became necessary at the time of the accident on September 6, 1972, and were the result of a continuous period of treatment following the accident through July 19, 1974."

The defendant's answer specifically denies both paragraphs!

The only possible source of undisputed facts is that the defendant, by its brief, admits the facts stated in plaintiff's brief. The only problem is that the admitted facts are obviously based on the hearsay gathered up by plaintiff's counsel and not specific enough to be useful. They are:

"* * * The pleadings and affidavit showed that Appellant was insured by Appellee at the time of an automobile accident in which she was injured on September 6, 1972. Her medical services for injuries suffered in the accident continued well into 1974. Appellee undertook by its policy 'to pay all reasonable expenses actually incurred within one year from the date of accident for necessary medical services,' up to a certain amount. Appellant has been paid for medical care which she received and paid for within one year from the accident. Appellee refused to reimburse her for care which she received and paid for more than one year after the accident. * * *

* * * * * *

"* * * her [plaintiff's] physician recommended waiting for surgery, in hopes that she would recover from her knee injury without the necessity of surgery. She waited, a year passed, and the surgery was performed. * * *"

There are no other admissions mentioned in the trial court's order overruling the motion for summary judgment nor in the file.

Evidence which is relied on to sustain or defeat a summary judgment must be such as would be admissible in evidence. Neither of affiants, both attorneys for the parties, could testify in the case because their information is not based on personal knowledge and is merely inadmissible hearsay. *Wunnicke Finance Company v. Tupper,* Wyo.1962, 373 P.2d 142; *Low v. Sanger,* Wyo.1970, 478 P.2d 60.

A burden is imposed on both parties to demonstrate to the court the absence or existence of a conflict as to material facts and this is done by the showing of specific facts. A party cannot rely on conclusions nor can they be employed by a court in disposing of a motion for summary judgment. *McClure v. Watson,* Wyo. 1971, 490 P.2d 1059, 1062. The defendant-counsel's affidavit is in non-compliance for that reason, even if he was qualified to testify from personal knowledge.

The language of Rule 56(e), W.R.C.P. means what it says in the following words: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An attorney's affidavit not made on his personal knowledge and belief, but merely stating what he believes or intends to prove at the trial does not measure up to the requirements of Rule 56(e). An attorney does, however, have the right to submit his own affidavit when he is competent to testify to facts within his personal

knowledge. 6 Pt. 2, Moore's Federal Practice, ¶ 56.22[1], pp. 1319–1321; *Stevens v. Barnard*, 10 Cir. 1975, 512 F.2d 876, 879. We must further assume that any facts related by counsel in their briefs are based upon such insufficient showing. We have no facts which may be properly considered.

■ Nor can a party rest upon the allegations and denials of the pleadings but must set forth facts showing existence of a genuine issue and the burden is upon him. *Edmonds v. Valley National Bank of Arizona*, Wyo.1974, 518 P.2d 7; *Clouser v. Spaniol Ford, Inc.*, Wyo.1974, 522 P.2d 1360. Any usefulness of the pleadings is neutralized by defendant's denial of the allegations of plaintiff's complaint and eliminates any undisputed fact consideration so necessary in the summary judgment mechanism.

Only recently with respect to summary judgments, we have in *Knudson v. Hilzer*, Wyo.1976, 551 P.2d 680, said that the purpose of the motion for summary judgment is not to decide the facts but determine if any real issue exists and the moving party on a motion for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the material lodged—affidavits and other matter which may be considered—must be viewed in the light most favorable to the opposing party. Because of the defendant's failure to foreclose the possibility of a right of recovery on plaintiff's part, it has not carried that burden. This we shall explain.

■ The right of the insurance company to stand on the naked language of the policy provision before us is not black or white. There are many variables, depending upon the true facts. At the time the district judge decided the motion, he had before him excellent briefs from each of the parties which indicate that the insurance policy provision, out of which this dispute arises, has been the subject of much litigation. We have reviewed every text and case we have been able to find on the subject, including all those cited by both parties. A definition of the word "incurred" has been the principal source of dispute. An examination of Annotation, 10 A.L.R.3d 468, "When Is Medical Expense 'Incurred' Under Policy Providing for Payment of Medical Expenses Incurred Within Fixed Period of Time from Date of Injury," illustrates the wide range of factual backgrounds against which the insurance provision is applied. The meaning of the word "actually," as here used, is of significance. See 2 Words·and Phrases. We just simply have no undisputed facts to use. The affidavits have absolutely no probative value. There must be a further development of facts to assist us in making a correct determination of an important question. We would have preferred to forever close the case but careless handling at the trial court level prohibits that course.

■ Even if we had been placed in position to construe the policy provision, a further serious problem exists. The plaintiff in the lower court and here raised the issue that the defendant insurance company's agent represented that the questioned medical services would be paid and the plaintiff undertook the knee operation and sustained a liability of payment on the strength of that representation. There is not one properly set out fact upon which a court may rely in regard to that claim. The improper affidavits do not even improperly mention any facts in that regard. We have no idea whether the agent had undisputed authority to bind the defendant; nor any undisputed facts to demonstrate that such authority did not exist. There are some circumstances, if present, where the plaintiff could rely upon an agent's representations even as against a contrary provision in the insurance policy, based upon not only principles of agency but considerations of equitable estoppel. *Wyatt v. State Farm Fire and Casualty Company*, 1958, 78 Wyo. 228, 322 P.2d 137; *State Farm Mutual Automobile Insurance Company v. Petsch*, 10 Cir. 1958, 261 F.2d 331;

3 Couch on Insurance 2d, § 26:28, et seq. We do not know nor suggest that any such claim is valid or invalid or whether those citations we set out are applicable. The burden is upon the defendant to foreclose that claim in the summary judgment proceeding initiated by it. *Knudson v. Hilzer,* supra. It is a well-settled principle that the moving party has the burden of showing the absence of a genuine issue of a material fact. *Bluejacket v. Carney,* Wyo.1976, 550 P.2d 494, and the cases there cited. Here, there is a complete absence of any material—depositions, answers to interrogatories, admissions in the file—that even mention the issue. Explicitly, the claim is alleged in the complaint and denied by the defendant in its answer. There is nothing to show that there is no genuine issue. To the contrary, the issue is left present by the pleadings and unresolved.

■ When a motion for summary judgment is before us, we have exactly the same duty as the trial judge and if the record is complete, we have exactly the same material and information in front of us as he did. We follow the same standard as the trial court. We will only make a determination that a summary judgment is proper when it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), W. R.C.P. We apply this test in a way designed to give the party who defended the motion the benefit of any doubt as to the propriety of granting summary judgment. *Knudson v. Hilzer,* supra.

We can only have doubt in this case because we have before us only improper affidavits which have no value and genuine issues of fact are present. In other words, we do not know what the facts are, in order to apply them to the law, whatever it is. We are terribly disappointed, to say the least, that counsel have permitted a record to be submitted in such a condition;

if there was any error left to be made, we cannot think of what it might be.

Accordingly, we must refuse a summary judgment and remand for either a trial of the issues or the presentation and consideration of a properly supported motion for summary judgment.

Reversed and remanded for proceedings consistent with this opinion.