In the Matter of the Injury To Harley
BRIDGE, Appellant
(Employee-Claimant),

v.

EISENMAN TRANSPORT, INC.,
Appellee (Employer).

William E. KING, (Employer),

v.

The STATE of Wyoming, ex rel. WYO-
MING WORKERS' COMPENSATION
DIVISION, Appellee (Objector-Defend-
ant).

No. 86–290.

Supreme Court of Wyoming.

Sept. 17, 1987.

Richard S. Dumbrill, Jones, Dumbrill &
Hansen, Newcastle, for appellant.

Randal R. Arp, Morgan, Brorby, Price &
Roberts, Gillette, for appellee Eisenman.

A.G. McClintock, Atty. Gen., Josephine
T. Porter, Patrick J. Crank, and Susan K.
Overeem, Asst. Attys. Gen., for the State
of Wyo.

Before BROWN, C.J., and THOMAS,
CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The threshold question met in this case is
whether this court should consider a claim
of unconstitutionality, addressed to a provi-
sion in the Wyoming worker's compensa-
tion law, which was not made in the district
court. The employee urges that we should
and then attacks the provision as violative
of the due process and equal protection
clauses of the Fourteenth Amendment to
the United States Constitution and Art. 1,
§ 2 and Art. 10, § 4 of the Constitution of
the State of Wyoming. The trial court
applied the statute which is claimed to be
unconstitutional and denied the award of
any benefits to the employee. We conclude
that the constitutional question is not prop-
erly before this court, and we affirm the
order of the trial court.

Harley Bridge sets forth the issues in his
Brief of Appellant as follows:

"1. Is § 27–12–603(b), Wyoming Stat-
utes, 1977 violative of the Fourteenth
Amendment to the Constitution of the
United States of America which guaran-
tees that no state shall deprive any per-
son of life, liberty or property without
due process of law, nor deny to any
person within its jurisdiction equal pro-
tection of the law?

"2. Is § 27–12–603(b), Wyoming Stat-
utes, 1977 violative of Article 1, § 2 of
the Constitution of the State of Wyoming
in that it improperly classifies types of
heart attacks in a manner which violates

the worker's right to equal protection of the law?

"3. Is § 27–12–603(b), Wyoming Statutes, 1977 violative of Article 10, § 4 of the Constitution of the State of Wyoming which mandates that 'The legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to *proper classification* to each person in such employment ...'? (Emphasis supplied)."

There are two briefs on behalf of appellees. Eisenman Transport, Inc. says these are the issues:

"I. Whether the record presents substantial evidence from which, viewed in a light most favorable to the employer, the district court could have denied worker's compensation benefits to claimant-employee pursuant to W.S. § 27–12–603(b) (1977).

"II. Whether claimant-employee is entitled to raise a constitutional argument for the first time on appeal, and if so, whether W.S. § 27–12–603(b) (1977) is constitutional."

The State of Wyoming, Worker's Compensation Division, focuses on only one issue, which is:

"Does Section 27–12–603(b), W.S.1977, constitute a denial of the equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States and the Constitution of the State of Wyoming?"

While Bridge, who was employed as a truck driver, was "tarping down" a load of bentonite at the Federal Bentonite plant in Weston County, he suffered an acute myocardial infarction. He was transported to Campbell County Memorial Hospital for treatment. He filed claims naming Eisenman Transport, Inc. and William E. King as employers. Eisenman Transport, Inc. claimed that it was a contract carrier and that King was actually the employer, but the trial court held that they would be jointly and severally liable for any benefits that might accrue as a result of the worker's compensation claim filed by Bridge. The case could not be heard until some ten months after the incident, and an order then was filed denying benefits pursuant to the Wyoming Worker's Compensation Act.

The statute which Bridge asserts is unconstitutional was § 27–12–603(b), W.S. 1977 (1983 Replacement), which provided:

"Benefits for employment-related coronary conditions except those directly and solely caused by an injury or disease are not payable unless the employee establishes by competent medical authority that there is a direct causal connection between the condition under which the work was performed and the cardiac condition, and then only if the causative exertion occurs during the actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment, and further that the acute symptoms of the cardiac condition are clearly manifested not later than four (4) hours after the alleged causative exertion."

As Bridge correctly points out in his brief, this statute has been applied in a number of cases with different results. *State ex rel. Wyoming Worker's Compensation Division v. Van Buskirk*, Wyo., 721 P.2d 570 (1986); *Creek v. Town of Hulett*, Wyo., 657 P.2d 353 (1983); *Yost v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, Wyo., 654 P.2d 137 (1982); *Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division v. Schwilke*, Wyo., 649 P.2d 218 (1982); *Jim's Water Service v. Eayrs*, Wyo., 590 P.2d 1346 (1979); *Claim of McCarley*, Wyo., 590 P.2d 1333 (1979).

■ The essence of Bridge's argument of unconstitutionality is that the requirement that the causative exertion occurred during an actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment results in an improper classification which differentiates those who do work that is unusual to, or abnormal for, employees from those employees who do not do such work. This is the claim upon which the violation of the equal protection clause of the state and federal constitutions is premised. Bridge then buttresses his contention

with the assertion that the statute also violates the requirement in Art. 10, § 4 of the Constitution of the State of Wyoming which requires a "proper classification." Bridge rounds out the argument by pointing to the divergent results in Wyoming cases and asserting that only because the requirement for a "proper classification" has been ignored and the classification structured by the statute is not reasonable have the inconsistent decisions been forthcoming.

Bridge's sophisticated arguments are intriguing, but he did not present them to the district court. On the contrary, Bridge relied upon the statute which he asserts to be unconstitutional and argued to the district court that his evidence satisfied the statutory requirements.

■ Our rule is clear that, with very limited exceptions, we do not consider the asserted unconstitutionality of a statute if that question has not been presented in the trial court. *Nickelson v. People*, Wyo., 607 P.2d 904 (1980); *Knudson v. Hilzer*, Wyo., 551 P.2d 680 (1976); *In re Shreve*, Wyo., 432 P.2d 271 (1967); *State ex rel. Fire Fighters Local 279, I.A.F.F. v. Kingham*, Wyo., 420 P.2d 254 (1966); *Sorenson v. School District No. 28, in Big Horn County*, Wyo., 418 P.2d 1004 (1966). We are more loath to consider such a question in those instances in which the party attacking the statute relied upon it in presenting a position to the trial court. See *State ex rel. Fire Fighters Local 279, I.A.F.F. v. Kingham*, supra.

We are not insensitive to the argument that the asserted constitutional defect has contributed to apparently inconsistent results in cases involving coronary problems. The district court suggested that in its comments from the bench. A careful analysis of the decisions of this court involving the specific statutory provision in question and its correct application by the trial courts will disclose that this court consistently has treated as a question of fact the issue of whether the "causative exertion occurs during the actual period of employment stress clearly unusual to, or abnormal for, employees in that particular employment." Section 27–12–603(b), W.S. 1977 (1983 Replacement). In those instances in which the district court found that to be true from the evidence and in which the other requirements of the statute were found to be present, an award of benefits has been affirmed because sufficient evidence supported that factual determination. In those instances in which the district court found as a fact that the period of employment stress was not unusual to, or abnormal for, employees in that particular employment, a denial of benefits has been upheld. The trial courts of this state have not had undue difficulty in applying the statutory provision, and we are satisfied that it manifests an appropriate legislative intent.

The trial court in this case made appropriate findings of fact contrary to the claim of the appellant. The evidence supports those findings. The judgment of the district court is affirmed.